[Civ. No. 63701. Second Dist., Div. One. June 30, 1983.]

PACIFIC SOUTHWEST AIRLINES, Plaintiff and Appellant, v. DOWTY-ROTOL, LTD., Defendant and Respondent.

**[Opinion certified for partial publication.\*]**

---

\*See *infra* page 495.

**COUNSEL**

Kern, Wooley & Maloney, Kern & Wooley and Ralph S. LaMontagne, Jr., for Plaintiff and Appellant.

Lord, Bissell & Brook, Terry W. Backus, Hugh C. Griffin and Ronald E. Hulting for Defendant and Respondent.

**OPINION**

**DALSIMER, J.**—Plaintiff, Pacific Southwest Airlines (PSA), by a notice of appeal filed March 31, 1981, appeals from the judgment, which was entered December 15, 1980. Notice of entry of judgment was mailed to all parties by the clerk on December 16, 1980. Appellant filed its notice of intention to move for new trial on December 31, 1980. On January 30,

1981, the trial court's order denying the motion for new trial was entered.[1] Since March 1, 1981, was a Sunday, the last day for filing a notice of appeal from the judgment was March 2, 1981. (Code Civ. Proc., § 12.) By our letter of March 4, 1983, we invited counsel for appellant to provide this court with such evidence as might be available to establish that the notice of appeal from the judgment was received by the clerk of the superior court on or before March 2, 1981.

Appellant presented evidence establishing that on February 25, 1981, Ilona Belecz, secretary to counsel for appellant, mailed the notice of appeal from the judgment together with a check for payment of the required filing fee in an envelope addressed to Los Angeles Superior Court, 111 North Hill Street, Los Angeles, California. The check was made out to the Los Angeles Superior Court. The notice of appeal and check were received by the civil processing division of the clerk's office on February 26, 1981, but the notice of appeal from the judgment was not stamped as filed until March 31, 1981.

■ "A paper is filed when it is delivered, at the place where it is to be filed, to the proper officer, and by him received to be kept on file." (*W. J. White Co.* v. *Winton* (1919) 41 Cal.App. 693, 695 [183 P. 277].) When the clerk's office received the notice of appeal from the judgment, that notice of appeal was filed. Although it is better practice to deliver a notice of appeal to the appellate transcript division of the clerk's office for filing, delivery of the notice to that division is not essential to vest the Court of Appeal with jurisdiction. California Rules of Court, rule 1(a), provides in pertinent part, "An appeal from a judgment of a superior court or from a particular part thereof is taken by filing with the clerk of that court a notice of appeal therefrom." It is therefore sufficient if the notice of appeal is presented to and received by any deputy clerk of the office of the clerk of the superior court for purposes of filing. The fact that the check for the filing fee was made out to the Los Angeles Superior Court rather than to the Court of Appeal did not in any way affect the timeliness of the filing of the notice of appeal. (Cal. Rules of Court, rules 1(a), 1(e), and 10(a).) Although the notice of appeal was timely filed, we have determined for the reasons mentioned in the unpublished appendix to this opinion that the judgment must be affirmed.

PSA also appeals from the order of March 6, 1981, denying its motion to strike respondent's memorandum of costs and disbursements and to tax costs.

---

[1]Although the order denying the motion for new trial is not contained in the clerk's transcript, pursuant to California Rules of Court, rule 12(a), we have obtained the volume of the superior court file containing that order.

Appellant contends that its motion to strike respondent's memorandum of costs and disbursements should have been granted because the memorandum was not verified in accordance with Code of Civil Procedure section 1033. Respondent's memorandum was timely filed on December 24, 1980, and had attached thereto a verification, signed by respondent's attorney, stating that he had read the foregoing memorandum of costs and disbursements, knew its contents, and that he was "informed and believe[d] and on that ground allege[d] that the matters stated in it are true." In 1980 Code of Civil Procedure section 1033 read in pertinent part as follows: "In superior courts . . . the party in whose favor the judgment is ordered, and who claims his costs, must serve upon the adverse party, and file at any time after the verdict or decision of the court, and not later than 10 days after the entry of the judgment, a memorandum of the items of his costs and necessary disbursements in the action or proceeding, which memorandum must be verified by the oath of the party, or his attorney or agent, or by the clerk of his attorney, stating that to the best of his knowledge and belief the items are correct, and that the disbursements have been necessarily incurred in the action or proceeding." Although the verification attached to respondent's cost memorandum did not contain the exact language prescribed by Code of Civil Procedure section 1033, when respondent filed its opposition to appellant's motion to strike, it filed new verifications containing the precise language required by section 1033.

■ Appellant contends that because the verification attached to the cost memorandum was not in the precise language of the statute, Code of Civil Procedure section 1033 required that the entire cost memorandum be stricken as not having been timely filed in proper form. We do not so construe that statute. While section 1033 clearly provided that the cost memorandum must be filed within 10 days after entry of judgment,[2] its language regarding the filing of a verification was less specific. The statute merely stated that the memorandum must be verified, but did not require that the verification also be filed within 10 days after entry of judgment.[3]

Although the record indicates that the trial court did not have the original cost memorandum and verification before it when ruling on appellant's mo-

---

[2] Code of Civil Procedure section 1033 now provides that the cost memorandum must be filed within 10 days of notice of entry of judgment.

[3] It should be noted that failure to file a verification of a memorandum to tax costs in advance of the hearing thereon may result in a loss of the benefit of the presumption applicable to verified cost memoranda that those items listed therein which appear to be proper charges were necessarily incurred. (See *Rappenecker* v. *Sea-Land Service, Inc.* (1979) 93 Cal.App.3d 256, 266 [155 Cal.Rptr. 516].)

tion to strike respondent's memorandum of costs and disbursements, it did have before it the copy of the memorandum and verification that were included in appellant's moving papers.[4] The trial court orally announced that it intended to deny the motion to strike the cost memorandum, stating that appellant had not demonstrated that any prejudice resulted from lack of verification in full compliance with the statute. The trial court continued the matter to permit respondent to file a supplemental memorandum of costs and disbursements containing an itemization of the costs claimed. The original cost memorandum listed only four items: clerk's fees, reporter's fees, "Costs and disbursements (pre- and post-CCP § 998 offer on 12/7/78)," and expert witnesses' services. Respondent filed a supplemental memorandum of costs and disbursements with an attached verification in the exact language of Code of Civil Procedure section 1033 on January 28, 1981. On March 6, 1981, the trial court denied appellant's motion.

The trial court's order denying appellant's motion to strike made on grounds of lack of verification was proper. By stating that the facts alleged in the cost memorandum were true, the verification substantially met the requirement of Code of Civil Procedure section 1033 that the verification state that, to the best of the declarant's knowledge and belief, the items claimed as costs are correct. Although the initial verification did not allege that the disbursements were necessarily incurred, the trial court had discretion under Code of Civil Procedure section 473 to permit the filing of a supplemental verification. (See *Pollard* v. *Saxe & Yolles Dev. Co.* (1974) 12 Cal.3d 374, 381 [115 Cal.Rptr. 648, 525 P.2d 88].) By ordering the filing of a supplemental cost memorandum containing a proper itemization of costs and allowing a supplemental verification, the trial court exercised its discretion under the statute. Since no prejudice was shown, there was no abuse of the court's discretion. (See *ibid.*)

At this point we have completed the only portion of this opinion that meets the criteria for publication listed in California Rules of Court, rule 976(b). Our resolution of the remaining issues is contained in an unpublished appendix.

The judgment is affirmed for reasons not pertinent to this published portion of the opinion. The order *is modified in the appendix for reasons not*

---

[4]The clerk's transcript does not contain a copy of the original cost memorandum and verification. Pursuant to California Rules of Court, rule 12(a), we have obtained the volume of the superior court file that contains the cost memorandum and verification.

pertinent to this published portion of the opinion and, as modified, is affirmed.

Lillie, Acting P. J., and Hanson (Thaxton), J., concurred.

A petition for a rehearing was denied August 4, 1983, and appellant's petition for a hearing by the Supreme Court was denied September 29, 1983.