[No. B082575. Second Dist., Div. Five. May 4, 1994.]

EMMA RAPP et al., Plaintiffs and Respondents, v.
GOLDEN EAGLE INSURANCE COMPANY, Defendant and Appellant.

**COUNSEL**

Luna, Brownwood & Rice and John L. Setchell for Defendant and Appellant.

John Davis for Plaintiffs and Respondents.

**OPINION**

**TURNER, P. J.**—Defendant, Golden Eagle Insurance Company, purports to appeal from a money judgment. Plaintiffs, Emma Rapp, Gloria Dimino, Florence Dimino and Steve Snyder, have moved to dismiss the appeal as untimely. We disagree and deny the dismissal motion.

On December 22, 1993, judgment was entered in favor of plaintiffs and against defendant. On December 23, 1993, plaintiffs' counsel served a notice of entry of judgment. The notice contained a copy of the judgment. As a result, in order to be timely, the notice of appeal had to be filed within 60

days of the December 23, 1993, date. (Cal. Rules of Court, rule 2(a)[1]; *Casado* v. *Sedgwick, Detert, Moran & Arnold* (1994) 22 Cal.App.4th 1284, 1285-1286 [27 Cal.Rptr.2d 719]; *Sharp* v. *Union Pacific R. R. Co.* (1992) 8 Cal.App.4th 357, 360-361 [9 Cal.Rptr.2d 925].) The 60th day after the December 23, 1993, date of service of the notice of entry of judgment was February 21, 1994.

On February 17, 1994, which was within the 60-day time for timely filing the notice of appeal, defendant attempted to file such a document. On that date, a representative of Southern California Attorney Service, Inc., took the notice of appeal to the superior court filing window in the southeast district in Norwalk. However, the check for the filing fee plus the clerk's deposit was less than the required sum. The attorney service was given a check by defense counsel for $250. However, the total sum that was due was $350, consisting of the filing fee of $250 plus a deposit to cover clerk's expenses of $100. (Gov.[2] Code, §§ 68926, 68926.1.) The deputy clerk at the filing window refused to accept the notice of appeal solely because the tendered check of $250 was not in the statutorily required sum. On February 23, 1994, which was beyond the 60-day filing period, the proper $250 filing fee plus the $100 clerk's deposit were tendered along with the notice of appeal. The deputy clerk then accepted the notice of appeal and filed it on that date.

On March 17, 1994, plaintiffs moved to dismiss the appeal. ■ Plaintiffs contend the notice of appeal was untimely and this court is without jurisdiction to proceed further with this matter. (*Hollister Convalescent Hosp., Inc.* v. *Rico* (1975) 15 Cal.3d 660, 674 [125 Cal.Rptr. 757, 542 P.2d 1349]; *Estate of Crabtree* (1992) 4 Cal.App.4th 1119, 1123 [6 Cal.Rptr.2d 224].) Defendant argues that the clerk had a duty on February 17, 1994, to file the notice of appeal despite the inadequacy of the tendered check.

We agree that the deputy clerk had a duty to file the notice of appeal on February 17, 1994. Rule 1(c) states: "A party filing a notice of appeal shall simultaneously deliver to the clerk of the superior court the filing fee of $250, which should be in the form of a check or money order payable to the clerk of the Court of Appeal. If the fee is delivered in cash, the clerk of the superior court shall give a receipt. The notice of appeal shall be accepted for filing even though the filing fee is not paid, subject to rule 10(a). [¶] The appellant shall also deposit any sum required by Government Code section 68926.1 (clerk's transcript or index)." Rule 10(a), which is specifically referred to in rule 1(c), states: "If the reviewing court receives a notification of filing of a notice of appeal that is not accompanied by the filing fee or the

---

[1]All future references to a rule are to the California Rules of Court.
[2]All future statutory references are to the Government Code.

superior court clerk's certificate that the fee had been paid or by a copy of an order excusing payment of the fee, or if a check given in payment of the filing fee is returned dishonored, the clerk of the reviewing court shall forthwith notify the appellant in writing that the appeal will be dismissed unless, within 15 days after the mailing of the notice, the appellant either tenders the fee and shows good cause why it was not paid or shows good cause why the fee should be excused. [¶] If an adequate excuse for nonpayment is not shown within that time the appeal may be dismissed forthwith."

Only one decision has interpreted the effect of rule 1(c). In *Pacific Southwest Airlines v. Dowty-Rotol Ltd.* (1983) 144 Cal.App.3d 491, 493 [193 Cal.Rptr. 25], the filing fee was made out to the order of the Los Angeles Superior Court. The check was not made payable to the order of the Court of Appeal. The Court of Appeal concluded: "It is therefore sufficient if the notice of appeal is presented to and received by any deputy clerk of the office of the clerk of the superior court for purposes of filing. The fact that the check for the filing fee was made out to the Los Angeles Superior Court rather than to the Court of Appeal did not in any way affect the timeliness of the filing of the notice of appeal.([ ] [R]ules 1(a), 1(e), and 10(a).)" (*Ibid.*) In other words, the fact that the filing fee was made out to an incorrect governmental entity should not affect the timeliness of the notice of appeal. In a similar vein, on February 17, 1994, the deputy clerk was required to file the notice of appeal regardless of whether the proper $250 filing fee was tendered.

The fact that defendant failed to post the $100 deposit pursuant to section 68926.1 is irrelevant. Section 68926.1 states, "Upon filing a notice of appeal for which a fee is paid pursuant to Section 68926, the appellant shall deposit the sum of one hundred dollars ($100) with the clerk of the originating court. The deposit shall be credited against the amount chargeable for the preparation of the clerk's transcript or any other appeal processing or notification." The filing $250 fee referred to in section 68926 and rule 1(c) is different from the $100 deposit identified in section 68926.1 which is utilized to defray record preparation expenses. (See Sen. Com. on Judiciary Analysis of Assem. Bill No. 392 (1993-1994 Reg. Sess.) as amended Mar. 11, 1993.) In the event that there is a failure to post the $100 deposit, rule 10(c) requires that the appellant be given 15 days in which to seek relief from the default for failure to have posted the deposit. Rule 10(c) provides: "If the appellant fails to perform any act necessary to procure the filing of the record within the time allowed or within any valid extension of that time, and such failure is the fault of the appellant and not of any court officer or any other party, the appeal may be dismissed on motion of the respondent or on the reviewing court's own motion. [¶] Upon appellant's default, the clerk of the

superior court shall forthwith mail a notice to the appellant and a certified copy to the reviewing court showing the date of mailing. The notice shall inform the appellant that the appeal will be dismissed unless good cause is shown by motion filed in the reviewing court within 15 days from the mailing of the notice. Unless the appellant moves the reviewing court for relief from default within the 15-day period, the clerk of the reviewing court shall enter an order dismissing the appeal." In other words, if the $100 deposit specified in section 68926.1 is not paid, then the provisions of rule 10(c) come into play. Rule 10(c) has been recognized as the procedural mechanism for insuring payment of record preparation fees. Failure to post fees of any kind, after notice to the appellant, can result in dismissal pursuant to rule 10(c) by the Court of Appeal. (*Shamblin* v. *Brattain* (1988) 44 Cal.3d 474, 476 [243 Cal.Rptr. 902, 749 P.2d 339]; Cal. Civil Appellate Practice (Cont.Ed.Bar 1985) §§ 9.10, 10.32, pp. 269, 300; Eisenberg, Cal. Practice Guide Civil Appeals and Writs (The Rutter Group 1994) §§ 3:160, 4:294 to 4:298, 5:16, pp. 3-35.12, 4-52, 5-3.) When originally adopted, the purpose of rule 10 was to ensure resolution of appeals "on the merits" and to permit relief from failure to pay fees in cases where there are "slight delays which [were] not prejudicial, or even substantial delays which [were] excusable . . . ." (Witkin, *New Rules on Appeal* (1944) 17 So.Cal.L.Rev. 80, 128.) Of equal importance, there is nothing in the court rules which states that the failure to post the $100 deposit pursuant to section 68926.1 requires that the notice of appeal not be filed. Accordingly, just as the failure to pay the $250 filing fee triggers the provisions of rule 10(a), the fact that an appellant does not deposit the $100 pursuant to section 68926.1 requires the clerk to issue a notice of default pursuant to rule 10(c); not refuse to file the notice of appeal.

Notwithstanding the duty of the clerk to accept the notice of appeal without the $250 filing fee and $100 clerk's deposit, plaintiffs argue that this court is without authority to deem it to be timely filed. Plaintiffs rely on the following language in *Hollister*: "We simply hold today that when such notice has not in fact been filed within the relevant jurisdictional period—and when applicable rules of construction and interpretation fail to require that it be deemed in law to have been so filed—the appellate court, absent statutory authorization to extend the jurisdictional period, lacks all power to consider the appeal on its merits and must dismiss, on its own motion if necessary, without regard to considerations of estoppel or excuse." (*Hollister Convalescent Hosp., Inc.* v. *Rico, supra,* 15 Cal.3d at p. 674.) However, *Hollister* did not repeal a broad body of law pertinent to the constructive filing of a notice of appeal. In *United Farm Workers of America* v. *Agricultural Labor Relations Bd.* (1985) 37 Cal.3d 912, 916-917 [210 Cal.Rptr. 453, 694 P.2d 138], the California Supreme Court qualified its prior holding in

*Hollister* as follows: "In *Hollister* . . . , we dismissed an appeal because the notice of appeal was filed one day late. We noted that rule 45 . . . authorizes reviewing courts to grant relief from default for failure to comply with any of the rules 'except the failure to give timely notice of appeal.' The appellants nevertheless sought to have their default excused on an estoppel theory based on having been misinformed by the court clerk as to the date of entry of the order. In a five-to-two decision we concluded that there was no authority for extending the jurisdictional time limit based on estoppel principles. Although we required strict compliance in *Hollister*, we noted that there were certain exceptions, not applicable to that case, which still provided some leeway: 'What we have said in no way conflicts with the well-established policy, based upon the remedial character of the right of appeal, of according that right in doubtful cases "when such can be accomplished without doing violence to applicable rules." [Citation.] As we have indicated, there are many cases in which this policy, implemented *in accordance* with "applicable rules," will lead to a determination, based on construction and interpretation, that timely and proper notice of appeal must be deemed in law to have been filed within the jurisdictional period.' [Citation.]" (Original italics.) In *United Farm Workers of America*, the petitioner attempted to file a petition for writ of review with the clerk of the Court of Appeal. The petition was defective in that it did not contain a table of authorities. The petition was returned to the petitioner's counsel. Three days after the statutory time limit for filing the petition, it was then filed. The California Supreme Court held that rules 18 and 46 permitted the clerk to file the defective petition. The clerk could then give the petitioner an opportunity pursuant to the court rules to correct the defective petition. (Accord, *Litzmann* v. *Workmen's Comp. App. Bd.* (1968) 266 Cal.App.2d 203, 204-205 [71 Cal.Rptr. 731].)

Applying *United Farm Workers of America* and *Hollister Convalescent Hosp., Inc.,* to the present case leads us to the conclusion that we should deem the notice of appeal to have been timely filed based upon the construction and interpretation in accordance with applicable rules concerning the filing of such a document. The notice of appeal was presented to the deputy clerk within the applicable time period required by rule 2(a). The act of delivering the document to the deputy clerk at the court during office hours constituted the act of filing. (*United Farm Workers of America* v. *Agricultural Labor Relations Bd., supra,* 37 Cal.3d at p. 918; *People* v. *Slobodion* (1947) 30 Cal.2d 362, 367 [181 P.2d 868].) Further, the absence of a proper filing fee was not a lawful basis for refusing to file the notice of appeal. (Rules 1(c), 10(a) and (c).) The fact that the filing fee was not of the correct amount has never been relied upon in California decisional authority as a basis for refusing to file the notice of appeal. Hence, in accordance with the

applicable rules concerning the filing of notices of appeal and fees, we conclude based upon the construction and interpretation of those requirements, that in this case a timely notice of appeal must be deemed in law to have been filed within the 60 days of the notice of entry of judgment.

This interpretation of existing statutory and rule-made provisions of law is most consistent with the proviso of rule 45(e) that a reviewing court "for good cause may relieve a party from default occasioned by any failure to comply with these rules, except the failure to give timely notice of appeal." Further, our construction of the express language of rule 1(c) and the interplay between section 68926.1 and rule 10(c) furthers the important public policy of ensuring that civil disputes are resolved on their merits. (*United Farm Workers of America* v. *Agricultural Labor Relations Bd.*, *supra*, 37 Cal.3d 912, 916; *Lee* v. *Brown* (1976) 18 Cal.3d 110, 113 [553 P.2d 1121].)

The motion to dismiss the appeal is denied.

Armstrong, J., concurred.