[No. H030068. Sixth Dist. Mar. 29, 2007.]

MARIA ELENA R. LEZAMA-CARINO, Plaintiff and Respondent, v. CRAIG MILLER, Defendant and Appellant.

**COUNSEL**

Craig Miller, in pro. per., for Defendant and Appellant.

Julie Sullivan Saffren for Plaintiff and Respondent.

Law Offices of Bradford Baugh and Bradford Baugh for Minor.

**OPINION**

**RUSHING, P. J.**—Appellant, Craig Miller, appeals from an order entered in a child custody action awarding respondent Maria Elena R. Lezama-Carino sole legal and physical custody of their minor child. Thereafter appellant filed a motion for new trial, a request to modify the custody order and a motion for reconsideration. After the trial court denied these motions, appellant filed a notice of appeal. While the appeal was pending, respondent filed a motion in this court to dismiss the appeal as untimely. Finding that the appeal from the

custody order was timely filed pursuant to rule 8.104 of the California Rules of Court,[1] we deny the motion to dismiss the appeal.

### FACTUAL AND PROCEDURAL BACKGROUND

Appellant filed a notice of appeal on April 5, 2006, appealing from an order or judgment under Code of Civil Procedure section 904.1, subdivision (a)(3)–(13). The relevant sequence of events is as follows.

February 2, 2006: The trial court issues its custody order. Clerk of the court mails a copy of the order on the parties.

March 2, 2006: Appellant files a motion for new trial, for reconsideration and to modify, setting the hearing for April 10, 2006.

March 16, 2006: Trial court issues an order denying the motion for new trial, for reconsideration and for modification. Clerk of the court serves a copy of the order on the parties.

April 5, 2006: Notice of appeal is filed.

While the appeal was pending, respondent filed a motion to dismiss the appeal as untimely filed pursuant to rules 8.104 and 8.108. We now consider this motion.

### DISCUSSION

In the motion, respondent contends that the notice of appeal, filed on April 5, 2006, was untimely because the custody order was served on February 2, 2006. Under rule 8.104, she asserts, appellant was required to file a notice of appeal no later than 60 days from the service of the order, or April 3, 2006. Appellant argues that the notice of appeal was timely delivered to the court, but that the court improperly refused to file the notice of appeal because it was not accompanied by a filing fee. Based on the record before us, appellant's contention has merit, so we will deny the motion to dismiss.

*The Appeal Was Timely Presented for Filing Under Rule 8.104*

Pursuant to rule 8.104, an appellant has 60 days from the date the trial clerk mails a file-stamped copy of the order appealed from in which to file the notice of appeal. (Rule 8.104.) The clerk of the trial court mailed a

---

[1] All further rule references will be to the California Rules of Court unless otherwise specified.

file-stamped copy of the order on February 2, 2006. Sixty days from this date was April 3, 2006. The notice of appeal is file stamped April 5, 2006; two days after the deadline. On its face, the notice of appeal appears untimely.

In his opposition, appellant contends that he timely submitted the notice of appeal for filing on April 3, 2006, but that the trial court erred in failing to file the notice of appeal on the date it was presented for filing. Pursuant to rule 8.25(b)(1), "A document is deemed filed on the date the clerk receives it." The alleged delay by the trial court between receipt and filing is not evident from the record on appeal. Therefore, in the interest of fairness, this court has ordered the record augmented with additional evidence relating to the date the notice of appeal was presented to the trial court for filing.

Appellant offers a "Declaration Re Diligence" from the process server who delivered the notice of appeal for filing. This declaration states, in relevant part, "Document delivered to Family Court for filing, Clerk says they cannot be filed until after the document examiner gets done with them. Something to do with, anytime there's a waiver of cost[s] the examiner needs to authorize it or something . . . . The documents were given the filed date of 04/05/06 rather than 04/03/06, but after the fact there is [n]othing the court can do about the date."

This court also requested that the trial court clerk submit a declaration regarding the purported discrepancy between the date the notice of appeal was received and the date it was filed.[2] This declaration implicitly concedes that the notice of appeal was *not* filed the day it was presented to the court for filing. The clerk's declaration states, in relevant part, that, "The first written record we have showing we received these documents have an entry date of April 4, 2006" "and [these documents were] filed in our clerk's office . . . on April 5, 2006 at 3:38 p.m." Apparently, the trial court clerk erroneously believed that because appellant had also submitted a request for waiver of fees and costs, she could not file the notice of appeal until the waiver was reviewed and approved by the court.

This failure to file the notice of appeal is contrary to the Rules of Court. The clerk of the court cannot refuse to file a document simply because there is a pending application for fee waiver. The clerk must file the application for fee waiver and any accompanying pleading or application upon presentation. (Rules 3.51(b), 8.100(b)(3); see also *Rojas v. Cutsforth* (1998) 67 Cal.App.4th 774, 777–778 [79 Cal.Rptr.2d 292] (*Rojas*); *Carlson v. Department of Fish & Game* (1998) 68 Cal.App.4th 1268, 1276 [80

---

[2] We hereby order the record on appeal augmented with the "Clerk's Declaration" filed February 22, 2007.

Cal.Rptr.2d 601] (*Carlson*); *Maginn v. City of Glendale* (1999) 72 Cal.App.4th 1102, 1107 [85 Cal.Rptr.2d 639] (*Maginn*).)

In *Rapp v. Golden Eagle Ins. Co.* (1994) 24 Cal.App.4th 1167 [30 Cal.Rptr.2d 126], the notice of appeal was also filed two days *after* the expiration of the 60-day period for filing of notice of appeal. There, the appellant had attempted to file notice of appeal within the 60-day period, but the deputy clerk of the court refused to accept notice of appeal solely due to the insufficiency of the check tendered for the filing fee and clerk's deposit. The Court of Appeal deemed the notice of appeal to be timely, holding that the act of delivering a document to the clerk during office hours was an act of filing, and that the absence of the proper fee was not a lawful basis for refusing to file the notice of appeal. (*Id.* at p. 1172.)

■ Here, appellant has sufficiently shown that he presented the notice of appeal to the trial court for filing on April 3, 2006, the date the notice of appeal was due. The trial court clerk concedes that the notice was not filed on the date received. The fact that the trial court's internal records show April 4, 2006, as the first written record that the documents were received, and not April 3, 2006, is of no consequence because that entry shows when the documents were received by the document examiner, not by the trial court clerk. A pending fee waiver was not a lawful basis for refusing to file the notice of appeal. We do not intend to suggest that a clerk has no discretion to refuse a document for filing. However, the only basis to refuse to file a document which has a jurisdictional deadline is where the proposed document fails to comply with California Rules of Court, rule 2.100 et seq. (*Rojas, supra*, 67 Cal.App.4th at pp. 777–778; *Carlson, supra*, 68 Cal.App.4th at p. 1276, fn. 7; *Maginn, supra*, 72 Cal.App.4th at p. 1107.) There is no evidence here that the notice of appeal failed to comply with rule 2.100.

Because the notice of appeal was presented to the trial court for filing within the time prescribed by rule 8.104, and because there was no lawful basis to refuse to file the notice, we shall deem the notice of appeal timely filed. (Rule 8.25(b)(1); *Rapp v. Golden Eagle Ins. Co., supra*, 24 Cal.App.4th 1167.)

*Motion for Reconsideration*

Although appellant did seek recourse from the trial court by filing a motion for reconsideration, because we conclude that the appeal was timely under rule 8.104, there is no need to consider whether this motion extended the time to file the notice of appeal pursuant to rule 8.108.

## Disposition

The motion to dismiss the appeal is denied.

Premo, J., and Elia, J., concurred.