Filed 11/13/20; certified for publication 11/24/20 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| In re<br><br>  LUTHER PETE HAYNES,<br><br>    On Habeas Corpus. | G057671<br><br>(Super. Ct. No. M-17380)<br><br>O P I N I O N |

        Appeal from an order of the Superior Court of Orange County, Cheri T. Pham, Judge.  Reversed.

        Xavier Becerra, Attorney General, Phillip J. Lindsay, Assistant Attorney General, Amanda J. Murray and Gregory J. Marcot, Deputy Attorneys General, for Appellant.

        Sharon Petrosino, Public Defender, Sara Ross, Assistant Public Defender, and Scott Kawamoto, Deputy Public Defender, for Respondent.

*       *       *

Proposition 57 amended the California Constitution to permit early parole consideration for "[a]ny person convicted of a nonviolent felony offense and sentenced to state prison," (Cal. Const., art. I, § 32, subd. (a)(1)), and it authorized the California Department of Corrections and Rehabilitation (CDCR) to adopt regulations to implement this provision. (Cal. Const., art. I, § 32, subd. (b).) The CDCR later promulgated a regulation categorically excluding from Proposition 57 parole consideration all offenders "convicted of a sexual offense that currently requires or will require registration as a sex offender under the Sex Offender Registration Act, codified in Sections 290 through 290.024 of the Penal Code." (Cal. Code Regs, tit. 15, § 3491, subd. (b)(3).)

After being informed he was not eligible for early parole consideration, Luther Haynes filed a petition for habeas corpus, alleging he was unlawfully precluded from Proposition 57 parole consideration because of his status as a sex offender registrant. Haynes is required to register as a sex offender due to: (1) two prior felony convictions for sex offenses committed in the 1980's, and (2) a felony conviction for annoying or molesting a child (Pen. Code, § 647.6; all further statutory citations are to Penal Code unless otherwise stated), for which he presently is serving an indeterminate third strike sentence. The trial court granted the habeas petition, and the CDCR appealed.

Whether the CDCR may exclude from Proposition 57 parole consideration otherwise eligible inmates, who have prior convictions requiring sex offender registration, is currently under review in the California Supreme Court. (See *In re Gadlin* (2019) 31 Cal.App.5th 784, review granted May 15, 2019, S254599 (*Gadlin*); *In re Schuster* (2019) 42 Cal.App.5th 943, review granted Feb. 19, 2020, S260024; *In re Chavez* (2020) 51 Cal.App.5th 748, 756, review granted Sept. 16, 2020, S263584.) Based on the language of article I, section 32 of the California Constitution, we conclude Proposition 57 parole consideration must be based on Haynes's current offense, not his past convictions.

2

Haynes's current offense is for annoying or molesting a child in violation of section 647.6. An offender may commit this offense in a violent manner. (See *People v. Lopez* (1998) 19 Cal.4th 282, 289 (*Lopez*) ["the words 'annoy' and 'molest' . . . generally refer to conduct designed to disturb, irritate, offend, *injure*, *or at least tend to injure*, another person"], italics added.) Article I, section 32 of the California Constitution does not restrict the CDCR's authority to promulgate regulations denying eligibility for early parole consideration to inmates serving time for violating section 647.6 in a violent manner. Accordingly, Haynes has not shown the challenged regulations are unconstitutional as applied to an offender whose sole current offense is a section 647.6 conviction.

We decline to resolve the broader issue of whether the CDCR may categorically exclude from eligibility for early parole consideration all inmates currently serving sentences or having prior convictions for any offense requiring sex offender registration under section 290 because there are unquestionably violent crimes which require sex offender registration. (See *In re Taylor* (2015) 60 Cal.4th 1019, 1039 ["consideration of as-applied challenges, as opposed to broad facial challenges, 'is the preferred course of adjudication since it enables courts to avoid making unnecessarily broad constitutional judgments'"], quoting *Cleburne v. Cleburne Living Center, Inc.* (1985) 473 U.S. 432, 447.) Accordingly, we reverse the trial court's order granting Haynes's habeas petition.[1]

---

[1] We lift the temporary stay of the trial court's order requiring the CDCR to amend or adopt new administrative regulations in conformity with article I, section 32.

# I

## FACTS AND PROCEDURAL HISTORY

The underlying facts were recounted in our opinion affirming Haynes's conviction. At a pool party held at the 11-year-old victim's residence, Haynes handed the child a camera and directed her to take his picture. As she prepared to take the picture, Haynes pulled down his swim trunks and exposed his genitals. Although the child was upset and surprised, she took a picture and then ran to her mother. A jury convicted Haynes of felony child molestation, and in a bifurcated proceeding, the trial court found Haynes's two prior convictions for lewd and lascivious conduct with children under the age of 14 constituted strikes under the Three Strikes law. Haynes was sentenced to an indeterminate term of 25 years to life in state prison. (*People v. Haynes* (Apr. 3, 2017, G051853) [nonpub. opn.].)

In November 2016, California voters approved Proposition 57, making a nonviolent felony offender eligible for early parole consideration after completing the full term of his or her primary offense. (*In re Edwards* (2018) 26 Cal.App.5th 1181, 1185 (*Edwards*).) "As relevant here, the (uncodified) text of Proposition 57, [section 2], declares the voters' purposes in approving the measure were to: '1. Protect and enhance public safety. [¶] 2. Save money by reducing wasteful spending on prisons. [¶] 3. Prevent federal courts from indiscriminately releasing prisoners. [¶] 4. Stop the revolving door of crime by emphasizing rehabilitation, especially for juveniles.' (Voter Information Guide,

---

We deny Haynes's motion to strike the notice of appeal and dismiss the appeal on the basis of an untimely filing. Although the docket initially reflected the notice of appeal was filed on April 9, 2019, which would mean the appeal was late by one day, the clerk of the superior court has since affirmed the notice of appeal was received on April 8, 2019. "A document is deemed filed on the date the clerk receives it." (Cal. Rules of Court, rule 8.25(b)(1); see also *Rapp v. Golden Eagle Ins. Co.* (1994) 24 Cal.App.4th 1167, 1172 ["The act of delivering the document to the deputy clerk at the court during office hours constituted the act of filing."].) Thus, the notice of appeal was timely, and this court has jurisdiction to consider the merits of the appeal.

Gen. Elec. (Nov. 8, 2016) text of Prop. 57, § 2, p. 141.)" (*Edwards*, *supra*, 26 Cal.App.5th at p. 1185.)

Proposition 57 added section 32 to article I of the California Constitution, which states in relevant parts:

(a)(1) "Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense."  [¶] . . . [¶]   (b) "The Department of Corrections and Rehabilitation shall adopt regulations in furtherance of these provisions, and the Secretary of the Department of Corrections and Rehabilitation shall certify that these regulations protect and enhance public safety." (Cal. Const., art. I, § 32.)

The CDCR adopted regulations to implement Proposition 57.  One regulation categorically excludes from Proposition 57 parole consideration all offenders "convicted of a sexual offense that currently requires or will require registration as a sex offender under the Sex Offender Registration Act, codified in Sections 290 through 290.024 of the Penal Code." (Cal. Code Regs, tit. 15, § 3491, subd. (b)(3).)

In May 2017, Haynes sent a letter to the Board of Parole Hearing regarding Proposition 57.  He was informed that he did not fall within the purview of Proposition 57 because he had been "convicted of a sexual offense requiring registration under Penal Code section 290."

On February 7, 2018, Haynes filed a petition for writ of habeas corpus, alleging the CDCR unlawfully precluded him from Proposition 57 parole consideration based on his status as a section 290 registrant.  In his petition, Haynes argued his section 647.6 conviction was not a violent felony offense because it is not listed as a violent offense under section 667.5.  Haynes raised a facial challenge on constitutional grounds; he did not argue he was entitled to early parole consideration because he committed the sex registrable offense in a nonviolent manner.  The trial court did not hold an evidentiary hearing to establish the facts and circumstances of Haynes's offense.

5

The trial court granted Haynes's habeas petition, after concluding "[t]he regulation excluding inmates who are required to register as sex offenders from early parole consideration is inconsistent with California Constitution, article I, § 32, and is therefore invalid."

## II

### DISCUSSION

A. *Standards of Review*

"As a general matter, we review the grant of a writ of habeas corpus by applying the substantial evidence test to pure questions of fact and de novo review to questions of law. [Citation.]" (*In re Taylor* (2015) 60 Cal.4th 1019, 1035.) To resolve this appeal we must determine whether a regulation implementing a constitutional provision is valid. "'In order for a regulation to be valid, it must be (1) consistent with and not in conflict with the enabling statute and (2) reasonably necessary to effectuate the purpose of the statute. (Gov. Code, § 11342.2.)' [Citations.] Therefore, 'the rulemaking authority of the agency is circumscribed by the substantive provisions of the law governing the agency.' [Citation.] '"The task of the reviewing court in such a case is to decide whether the [agency] reasonably interpreted [its] legislative mandate. . . . Such a limited scope of review constitutes no judicial interference with the administrative discretion in that aspect of the rulemaking function which requires a high degree of technical skill and expertise. . . . [T]here is no agency discretion to promulgate a regulation which is inconsistent with the governing statute. . . . Whatever the force of administrative construction . . . final responsibility for the interpretation of the law rests with the courts. . . . Administrative regulations that alter or amend the statute or enlarge or impair its scope are void . . . ." [Citation.]' [Citation.]" (*Edwards*, *supra*, 26 Cal.App.5th at p. 1189.)

To resolve whether the challenged regulation is consistent with California Constitution, article I, section 32, we independently construe constitutional provisions

6

enacted by voter initiative in a manner that gives effect to the voters' purpose in adopting the law. (*California Cannabis Coalition v. City of Upland* (2017) 3 Cal.5th 924, 933-934.) We begin by analyzing the text of the constitutional provision in its relevant context because that is typically the best and most reliable indicator of the voters' intent. (*Ibid.*) We ascribe to words their ordinary meaning, and consider the text of related provisions and the structure of the constitutional scheme. (*Id.* at p. 933.) We turn to extrinsic sources, such as ballot pamphlets and other election materials, only if the language of the constitutional provision remains ambiguous after considering its text and structure. (*Id.* at p. 934.)

B. *Haynes Cannot Be Denied Early Parole Consideration Due to His Past Convictions*

As noted, whether the CDCR may exclude from Proposition 57 parole consideration otherwise eligible inmates who have past convictions requiring registration as a sex offender is currently under review in the Supreme Court. (See *Gadlin*, *supra*, 31 Cal.App.5th 784, review granted.) In *Gadlin*, the inmate had two prior serious felony convictions that required registration, one for forcible rape (§ 261, former subd. (2)) and the other for forcible child molestation (§ 288, subd. (b)). (*Gadlin*, *supra*, 31 Cal.App.5th at p. 786, review granted.) The appellate court reasoned that "[t]he reference [in article I, section 32 of the California Constitution] to 'convicted' and 'sentenced,' in conjunction with present eligibility for parole once a full term is completed, make clear that early parole eligibility must be assessed based on the conviction for which an inmate is now serving a state prison sentence (the current offense), rather than prior criminal history. This interpretation is supported by [the California Constitution, article I,] section 32, subdivision (a)(1)'s use of the singular form in 'felony offense,' 'primary offense,' and 'term.'" (*Gadlin*, at p. 789.)

Although *Gadlin* is under review, we find its reasoning persuasive and follow it here. (See Cal. Rules of Court, rule 8.1115(e)(1).) The CDCR cannot deny Haynes early parole consideration based solely on his past convictions for sex offenses

7

requiring registration. (See *In re King* (2020) 54 Cal.App.5th 814, 817 [CDCR regulation excluding inmates with prior convictions for sex offenses requiring registration from early parole consideration is inconsistent with California Constitution, article I, section 32].)

C. *Haynes Has Not Shown He is Entitled to Relief from CDCR Regulations Excluding Him From Early Parole Consideration*

Although the *Gadlin* court concluded the CDCR could not categorically exclude otherwise eligible inmates with past convictions from early parole consideration, it expressed "no opinion on whether CDCR's application of its regulations to exclude inmates whose current offense requires registration as a sex offender similarly violates section 32(a)(1)." (*Gadlin*, *supra*, 31 Cal.App.5th at p. 790, review granted.) *Gadlin* therefore does not resolve whether Haynes, who has a current sex offense requiring registration, is eligible for early parole consideration.

Haynes's reliance on *Alliance for Constitutional Sex Offense Laws v. Department of Corrections & Rehabilitation* (2020) 45 Cal.App.5th 225, review granted May 27, 2020, S261362 (*Alliance*), does not resolve the issue. In *Alliance*, the appellate court concluded the CDCR cannot categorically exclude "from early parole consideration inmates serving sentences for current nonviolent sex offenses requiring them to register under Penal Code section 290" because such exclusion contravenes the plain language of article I, section 32, subdivision (a)(1) of the California Constitution, that any person convicted of a nonviolent felony offense shall be eligible for parole consideration after serving the full term on his or her primary offense. (*Alliance, supra*, 45 Cal.App.5th at pp. 228 & 234.) The *Alliance* court, however, did not define "nonviolent sex offense." Nor did it provide any examples of a nonviolent sex offense.

As this court recently explained in *In re Febbo* (2020) 52 Cal.App.5th 1088 (*Febbo*), article I, section 32(a)(1) of the California Constitution, leaves the term "nonviolent felony offense" undefined and does not refer to any other constitutional or

statutory provision to supply a definition.  (See *Brown v. Superior Court* (2016) 63 Cal.4th 335, 360 (dis. opn. of Chin, J.) ["the absence of a definition [of nonviolent offense] is troublesome, to say the least"].)  Although section 667.5, subdivision (c) (section 667.5(c)) identifies certain offenses as violent felonies, it "is not an all-purpose list of violent felonies for use in every aspect of California law.  Instead, section 667.5(c) expressly states it is identifying violent felonies only '[f]or the purpose of this section,' and the purpose of section 667.5 is only to impose a sentence enhancement for the specified offenses.  There are many decidedly violent felonies, such as rape of a drugged person (Pen. Code, § 289, subd. (e)), sex trafficking (Pen. Code, § 236.1), and hostage taking (Pen. Code, § 210.5), that are not among the violent felonies listed in section 667.5(c)." (*Febbo*, *supra*, 52 Cal.App.5th at p. 1101.)  Although CDCR could rely on section 667.5(c) to define "nonviolent felony offense," it is not constitutionally compelled to limit violent felonies to those crimes and enhancements identified in section 667.5(c).  (*Febbo*, *supra*, 52 Cal.App.5th at p. 1101.) However, "the CDCR cannot adopt regulations denying eligibility for early parole consideration to an inmate serving time for a nonviolent felony offense.  The CDCR cannot by regulatory fiat turn an intrinsically nonviolent felony offense into a violent one."  (*Ibid.*)

In *Febbo*, the inmate who was denied early parole consideration had prior and current convictions for indecent exposure under section 314, an offense not identified as a violent offense in section 667.5.  (*Febbo*, *supra*, 52 Cal.App.5th at p. 1096.)  To resolve whether CDCR's regulations violated the California Constitution by denying early parole consideration for an inmate serving a sentence for a violation of section 314, we determined "[t]he plain meaning of the term nonviolent felony offense is an offense that is a felony and is not violent in nature." (*Febbo*, *supra*, 52 Cal.App.5th at p. 1100.) After considering definitions of "violence" and the term "violent felony" as found  in statutes, case law and the dictionary, we concluded: "Violence or a violent crime involves

9

physical force, sexual contact, physical injury or destruction of property, fear, coercion, or duress." (*Id.* at pp. 1101-1103.)

We noted that our definition of violence comported with the CDCR's own justification for excluding sex offenders from early parole consideration. The CDCR observed that some offenses requiring sex offender registration are not considered violent felonies but do involve "some degree of physical force, coercion, or duress with the victim, often a minor." (CDCR, Credit Earning and Parole Consideration Final Statement of Reasons (Apr. 30, 2018), p. 20.) The CDCR concluded: "[T]hese sex offenses demonstrate a sufficient degree of violence and represent an unreasonable risk to public safety to require that sex offenders be excluded from nonviolent parole consideration. Accordingly, the proposed regulations exclude inmates who are 'convicted of a sexual offense that requires registration as a sex offender under Penal Code section 290' from the nonviolent parole consideration process." (*Id.* at pp. 20-21.)

Applying our definition of violent crime, we concluded that "[i]ndecent exposure is not a violent crime" because "[n]one of the conduct punishable under Penal Code section 314 involves physical contact, use of physical force against persons or property, infliction of physical injury or property damage, use of fear, duress, sexual contact, coercion, or threats." (*Febbo*, *supra*, 52 Cal.App.5th at p. 1102.) Accordingly, we determined the "CDCR regulations are invalid to the extent they deny early parole eligibility solely on the ground the inmate committed that offense." (*Id.* at p. 1103.)

Like a section 314 offense, a section 647.6 offense is not listed as a violent felony under section 667.5. Although an offender can never violate section 314 in a violent manner, an offender can violate section 647.6 in a violent manner. Section 647.6 states that it is an offense to "annoy[] or molest[] any child under 18 years of age." In *Lopez*, the Supreme Court explained "the words 'annoy' and 'molest' in former section 647a (now section 647.6, subdivision (a)) are synonymous and generally refer to conduct designed to disturb, irritate, offend, injure, or at least tend to injure, another person."

10

(*Lopez*, *supra*, 19 Cal.4th at p. 289.)  The high court also explained: "'Molest is, in general, a synonym for annoy.  The term "molestation" always conveys the idea of some injustice or injury. . . . Annoyance or molestation signifies something that works hurt, inconvenience or damage.'"  (*Id.* at p. 290.)[2]

The *Lopez* court held that "section 647.6, subdivision (a), does not require a touching [citation] but does require (1) conduct a "'normal person would unhesitatingly be irritated by'" [citations], and (2) conduct "'motivated by an unnatural or abnormal sexual interest'" in the victim [citation]."  (*Lopez*, *supra*, 19 Cal.4th at p. 289.)  "[T]o determine whether the defendant's conduct would unhesitatingly irritate or disturb a normal person, we employ an *objective* test not dependent on whether the child was in fact irritated or disturbed."  (*Id.* at p. 290.)

Although touching the minor victim is not required for a violation of section 647.6, appellate courts have upheld a section 647.6 conviction based on contact with the minor victim.  (See, e.g., *People v. Valenti* (2016) 243 Cal.App.4th 1140, 1163 [affirming a section 647.6 conviction where the "defendant kissed and hugged the [victims] on their second meeting," and during an outing placed "each of them in his lap and let them steer the car"]; *People v. Monroe* (1985) 168 Cal.App.3d 1205, 1213 [defendant touched a minor's genitals through her clothing]; *People v. Moore* (1955) 137 Cal.App.2d 197, 202 [defendant lifted an eight-year-old girl by the buttocks and rubbed against her body].)  Even where courts have reversed a section 647.6 conviction, they have noted evidence of physical or sexual contact with the minor victim will support a conviction.  (See, e.g., *People v. Epps* (1981) 122 Cal.App.3d 691, 701 [reversing conviction for lack of a unanimity instruction, but noting "[t]here was testimony about many separate incidents, *any one of which could have constituted a violation of section*

---

[2]     We note the word "injure" encompasses several aspects of harm, including the infliction of bodily harm.  (See Webster's Third New Internat. Dict. (1993) p. 1164 ["injure" defined as "to inflict bodily hurt"].)

[647.6, former section] *647a*, e.g., kissing on several occasions, touching [the victim's] breast, . . . and fondling her," italics added].)

As the foregoing demonstrates, section 647.6 punishes conduct involving some degree of physical force or sexual contact with the minor victim. Such conduct falls within the definition of violence we enunciated in *Febbo*, *supra*, and comports with the CDCR's justification for denying sex registrants early parole consideration. Specifically, section 647.6 punishes conduct involving "physical contact, use of physical force against persons . . . , infliction of physical injury . . . , [or] sexual contact . . . ." (*Febbo*, *supra*, 52 Cal.App.5th at p. 1102.) Although section 647.6 violation is not considered a violent felony under section 667.5, it "involve[s] some degree of physical force or with the victim, . . . a minor." (CDCR, Credit Earning and Parole Consideration Final Statement of Reasons (Apr. 30, 2018), p. 20.)

Although section 647.6 may punish nonviolent conduct, it also punishes conduct that falls within the definition of a violent crime. Article I, section 32(a)(1), does not restrict the CDCR's authority to promulgate regulations denying eligibility for early parole consideration to inmates serving time for violent felony offenses not identified in section 667.5(c). (*Febbo*, *supra*, 52 Cal.App.5th at p. 1093.) Accordingly, Haynes has not shown he is entitled to relief from the regulations excluding early parole consideration for inmates serving sentences for violating section 647.6. (See *Tobe v. City of Santa Ana* (1995) 9 Cal.4th 1069, 1102 (*Tobe*) ["to succeed in a facial challenge to the validity of a statute or ordinance the plaintiff must establish that '"the act's provisions inevitably pose a present total and fatal conflict with applicable constitutional provisions."'"]; see also *People v. Rodriguez* (1998) 66 Cal.App.4th 157, 166 ["If the statute can be constitutionally applied in some instances, it is not facially invalid . . ."].)

Our conclusion may appear inconsistent with the description of Haynes's wrongful conduct in our earlier opinion. Our summary of the evidence showed Haynes violated section 647.6 when he asked the child to take his picture and as she prepared to

12

do so he exposed himself.  But Haynes's habeas petition raised only a facial challenge to the constitutional validity of the CDCR regulations; he did not argue the regulations were unconstitutional as applied to him because he violated section 647.6 in a nonviolent manner.  (See *Tobe*, *supra*, 9 Cal.4th at p. 1084 [an as-applied challenge "contemplates analysis of the facts of a particular case or cases to determine the circumstances in which the statute or ordinance has been applied and to consider whether in those particular circumstances the application deprived the individual to whom it was applied of a protected right"].)  As-applied challenges are fact-dependent inquiries and must first be raised in the trial court.  (See *In re Sheena K.* (2007) 40 Cal.4th 875, 887.)

We assume Haynes may have pursued an as-applied challenge if he had the benefit of the analysis in *Febbo*, which we published well after the hearing in Haynes's case.  Additionally, the Attorney General did not have an opportunity to argue the underlying conduct was violent, and the trial court did not hold an evidentiary hearing.  (See California Rules of Court, rule 4.551(f): "An evidentiary hearing is required if, after considering the verified petition, the return, any denial, any affidavits or declarations under penalty of perjury, and matters of which judicial notice may be taken, the court finds there is a reasonable likelihood that the petitioner may be entitled to relief and the petitioner's entitlement to relief depends on the resolution of an issue of fact."].)  Thus, on this record there is no basis to affirm the order granting Haynes's habeas petition on the ground the underlying wrongful conduct was a nonviolent crime.

### III

#### DISPOSITION

The order granting the petition for writ of habeas corpus is reversed.


ARONSON, J.

I CONCUR:


BEDSWORTH, ACTING P. J.


MOORE, J.

Filed 11/24/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re<br><br>    LUTHER PETE HAYNES<br><br>  on Habeas Corpus. | G057671<br><br>(Super. Ct. No. M-17380)<br><br>O R D E R |

On the court's own motion, the opinion filed on November 13, 2020, is certified for publication. It appears that our opinion meets the standards set forth in California Rules of Court, rule 8.1105(c).

ARONSON, J.

WE CONCUR:

BEDSWORTH, ACTING P. J.

MOORE, J.