[Crim. No. 2434. In Bank.—January 19, 1922.]

In the Matter of the Application of TOM SCOTT for a Writ of Habeas Corpus.

[1] INSANE PERSONS—TRIAL BY JURY—TIME—CONSTRUCTION OF CODE. The provision of section 2174 of the Political Code that after the demand for a jury upon an inquisition of insanity, the court must cause a jury to be summoned and to be in attendance at a date stated, not less than five nor more than ten days from the date of the demand for a jury trial, is directory only, and the failure to impanel a jury and try the matter of insanity within ten days from the date of the demand does not deprive the superior court of jurisdiction to proceed thereafter with the matter.

[2] ID.—AGREEMENT ON VERDICT—CONSTRUCTION OF CODE.—The provision of section 2174 of the Political Code that the alleged insane person must be discharged unless a verdict that he is insane is found by at least three-fourths of the jury does not mean that he must be discharged if the jury fails to agree, but means that upon such trial a verdict could be returned by three-fourths in number of a jury of twelve in the same manner as in civil cases, and that he cannot be committed as insane unless a verdict of insanity is found and concurred in by at least three-fourths of the jury.

APPLICATION for a writ of Habeas Corpus to secure release pending a trial for insanity.   Denied.

The facts are stated in the opinion of the court.

John R. Connelly for Petitioner.

SHAW, C. J.—The petitioner was detained upon a charge of insanity upon an affidavit as provided in section 2168 of the Political Code.   He was arrested on a warrant issued thereon on September 1, 1921.   An inquisition of insanity was held and on September 7, 1921, he was ordered committed to the state hospital at Napa.   Within five days thereafter he demanded in writing that the matter of his sanity be tried by a jury.   The jury was not called until November 15, 1921.   Upon the trial which then took place the jury failed to agree.   On November 28, 1921, the matter was reset to be tried on December 1, 1921.   So far as appears from the petition, the trial did not take place at that time and the cause is still pending in the superior court for final determination.   This is not alleged but we will assume it to be the fact.

Upon these facts the petitioner claims the right to his release on the ground: 1. That the court lost jurisdiction to act in the matter by its failure to have the cause tried by a jury within the ten days after the date of the demand therefor.   2. That the detention is illegal because, as is claimed, the statute requires his discharge upon the failure of the jury to agree.   These points, it is contended, are settled by section 2174 of the Political Code.

Section 2174 provides that after the demand for a jury trial upon an inquisition of insanity, the court "must cause a jury to be summoned and to be in attendance at a date stated, not less than five nor more than ten days from the date of the demand for a jury trial.   At such trial the cause against the alleged insane must be represented by the district attorney of the county, and the trial must be had as provided by law for the trial of civil causes before a jury, and the alleged insane person must be discharged unless a verdict that he is insane be found by at least three-fourths of the jury.   If the verdict of the jury is that he is insane,

the judge must adjudge that fact and make an order of commitment as upon the original hearing."

[1] We are of the opinion that the failure of the court to impanel a jury and try the matter of insanity within the ten days from the date of the demand does not deprive the superior court of jurisdiction to proceed thereafter with the matter. We deem the provision to be directory only. If the superior court should unreasonably delay the trial, the remedy would be by a proceeding in *mandamus* in the district court of appeal or the supreme court to compel the court to proceed.

[2] We do not understand the provision that the alleged insane person must be discharged unless a verdict that he is insane is found by at least three-fourths of the jury to mean that he must be discharged if the jury fails to agree. Our interpretation of the clause is that it was intended to provide that upon such trial a verdict could be returned by three-fourths in number of a jury of twelve in the same manner as in civil cases and that he cannot be committed as insane unless a verdict of insanity is found and concurred in by at least three-fourths of the jury. The failure of the jury to agree did not oust the jurisdiction of the court to proceed in the matter. The charge still remains against the petitioner and it is the duty of the superior court to proceed as speedily as is reasonably possible to a final determination upon the matter of his insanity by a verdict concurred in by at least three-fourths of the jury. Upon the facts stated in the petition we think the superior court has power to proceed in the matter and to detain the petitioner until it is finally disposed of.

The petition for a writ of *habeas corpus* is denied.

Lawlor, J., Sloane, J., Wilbur, J., Lennon, J., Shurtleff, J., and Waste, J., concurred.