[Crim. No. 2439. In Bank.—February 23, 1922.]

In the Matter of the Application of THOMAS WHEATLY SHACKLEFORD for Writ of Habeas Corpus.

[1] INSANE PERSONS—JURY TRIAL—TIME.—Under section 2174 of the Political Code, trial by a jury of a person charged with insanity may be had after the ten days mentioned in the section.

[2] ID.—VERDICT BY LESS THAN WHOLE JURY—AUTHORITY FOR.—The jury trial authorized by section 2174 of the Political Code is not the common-law jury trial, and hence the legislature may authorize a verdict by less than the whole number of the jury.

[3] ID.—TRIAL OF INSANITY—HABEAS CORPUS.—While the question of sanity may be tried by the supreme court on *habeas corpus*, it would require too much of that court's time, and too great inconvenience to witnesses, and, therefore, the writ will be made returnable before the superior court of the county where the petitioner is confined.

[4] ID. — PETITION FOR WRIT OF HABEAS CORPUS — VERIFICATION. — A petition for writ of *habeas corpus* the statute now provides must be under oath.

APPLICATION for a Writ of Habeas Corpus to secure the discharge of one charged with insanity. Writ granted.

The facts are stated in the opinion of the court.

Thomas W. Shackleford, *in pro. per.,* for Petitioner.

THE COURT.—The petitioner, as grounds for release on *habeas corpus,* claims: (1) That he is not, and never has been, insane; (2) that the commitment is void because no jury trial was had within the ten days allowed by the code (Pol. Code, sec. 2174); (3) that section 2174 is void in this, that it allows a commitment to be issued upon a verdict by less than the whole number of twelve jurors.

[1] With respect to the second and third grounds the court has recently decided (*In re Scott,* 187 Cal. 770 [204 Pac. 571]), that under section 2174 a trial by jury may be had after the ten days mentioned in the section. [2] As to the third ground we are of the opinion that the jury trial authorized by the section is not the common-law jury trial, and hence that the legislature may authorize a verdict by less than the whole number of the jury.

In another petition, also filed, the petitioner claims that this commitment is null because no jury trial was had after his demand therefor. Upon receiving that petition the court made an examination of the proceedings which led to the commitment in the superior court of the city and county of San Francisco, and found that the files there show that the petitioner had withdrawn his request for a jury trial. The court is, therefore, clearly of the opinion that no reason for release on *habeas corpus* on the second and third grounds exists.

[3] With respect to the first ground, the question of his sanity may be tried in this manner, but for this court to take up such matters would require too much of our time and would be too great an inconvenience to the witnesses who might be required to attend the trial. In such a case it is proper to issue a writ returnable before the superior court of Santa Clara County, that being the county in which the petitioner is confined.

[4] It is further to be noted that the petition is unverified, and that the statute now provides that such petitions

must be under oath. (Pen. Code, sec. 1475.) The petitioner asserts that he was ready to verify his petition but that the medical authorities at the hospital where he is confined refused to allow him an opportunity to do so. We have deemed it best to issue the writ with the direction that the court to which he is taken for a hearing thereof shall, before proceeding therein, allow the petitioner to make oath to his petition before some authorized officer.

It is ordered that a writ of *habeas corpus* issue herein solely for the purpose of inquiring into the sanity of the petitioner, returnable before the superior court of Santa Clara County, on February 27, 1922, at 10 o'clock A. M., and that before proceeding with the hearing the judge of said court shall allow the petitioner an opportunity to make oath to the petition.

Shaw, C. J., Richards, J., *pro tem.*, Shurtleff, J., Waste, J., and Lawlor, J., concurred.

Rehearing denied.

All the Justices concurred, except Sloane, J., who was absent.