[S.F. No. 24769. Feb. 4, 1985.]

UNITED FARM WORKERS OF AMERICA, AFL-CIO, Petitioner, v. AGRICULTURAL LABOR RELATIONS BOARD, Respondent; ADMIRAL PACKING COMPANY, Real Party in Interest.

**COUNSEL**

Dianna Lyons, Daniel Garcia and Wendy Sones for Petitioner.

Manuel M. Medeiros, Daniel G. Stone and Ismael A. Castro for Respondent.

Lewis P. Janowsky and Dressler, Quesenbery, Laws & Barsamian for Real Party in Interest.

OPINION

KAUS, J.—We granted a hearing to determine whether the Court of Appeal had erred in granting the motions of the Agricultural Labor Relations Board (ALRB) and Admiral Packing Company (Admiral) to dismiss the United Farm Workers' (UFW) petition for review as untimely.

On March 2, 1984, the ALRB issued its final decision and order in *Admiral Packing Co.* (1984) 10 ALRB No. 9. UFW prepared a petition for writ of review of parts of this decision and submitted it to the clerk's office of the Court of Appeal, First Appellate District, on April 2, 1984, the 30th and final day for seeking review under Labor Code section 1160.8.[1] A deputy clerk stamped the petition "received April 2, 1984," but mailed it back to UFW's Sacramento office with an unsigned handwritten note attached to the petition stating, "This does not comply with the Calif. Rules see rule 56 need Table of Authorities Index."

Counsel for UFW received the petition on April 3, 1984, and immediately telephoned the clerk's office. Counsel spoke with the chief deputy and pointed out that rule 59, not rule 56, of the California Rules of Court governs petitions for review of ALRB decisions and that no table of authorities is required. The chief deputy then told counsel that the petition was unverified and instructed her to return it with a verification.[2] Counsel did so immediately, and the verified petition was filed on April 5, 1984.

Both ALRB and Admiral moved to dismiss the petition as untimely. They conceded that the petition was received within the statutory time limit of 30 days, but argued that because it was not filed until 3 days later, the limitations of Labor Code section 1160.8 had not been met. The Court of Appeal agreed and granted the motions to dismiss.

UFW contends that the petition should have been considered timely. It argues that although the time limit for seeking review is jurisdictional,

---

[1]Section 1160.8 provides in pertinent part: "Any person aggrieved by the final order of the board granting or denying in whole or in part the relief sought may obtain a review of such order in the Court of Appeal having jurisdiction over the county wherein the unfair labor practice in question was alleged to have been engaged in, or wherein such person resides or transacts business, by filing in such court a written petition requesting that the order of the board be modified or set aside. Such petition shall be filed with the court within 30 days from the date of the issuance of the board's order . . . ."

[2]*Rule 59 specifically covers review of ALRB cases. It states that a petition to a Court of Appeal to review a final order of the ALRB shall be accompanied by proof of service on the board and real parties in interest and "shall be verified."*

The purpose of the verification requirement is unclear since a petition for review of an ALRB decision functions like a notice of appeal and contains no substantive material.

technical noncompliance in the form of a petition that was timely submitted should not bar review when, as here, it neither prejudiced the other party nor offended legislative intent.

The Agricultural Labor Relations Act (ALRA) controls the proceedings here. The ALRA is derived from the National Labor Relations Act (NLRA) (29 U.S.C. § 151 et seq.). (*Beldridge Farms* v. *Agricultural Labor Relations Bd.* (1978) 21 Cal.3d 551, 556 [147 Cal.Rptr. 165, 580 P.2d 665].) One of the differences between the provisions of the ALRA and the NLRA is that the ALRA contains the previously mentioned 30-day statute of limitations for judicial review of ALRB decisions. The purpose of the 30-day time limit is to prevent the backlog of cases and resultant delays that had occurred under the NLRA. (*Id.* at p. 558.) UFW asserts that consideration of the present petition would not contravene this purpose since the petition was timely submitted and promptly cured of the defect in form.

UFW also points out that the failure to verify a pleading—even where the verification is required by statute—is a mere defect curable by amendment.[3] (See *Lattimer* v. *Ryan* (1862) 20 Cal. 628, 633; *Jenssen* v. *R. K. O. Studios, Inc.* (1937) 20 Cal.App.2d 705, 707 [67 P.2d 757]; *People* v. *Birch Securities Co.* (1948) 86 Cal.App.2d 703, 707 [196 P.2d 143]; *Ware* v. *Stafford* (1962) 206 Cal.App.2d 232, 237 [24 Cal.Rptr. 153]; 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 356, p. 2020.) ▮ Amendments may cure such a defect even when submitted after the statute of limitations has run on the time to file the original complaint, since verification of a complaint is not a jurisdictional requirement. (*Board of Education* v. *Mulcahy* (1942) 50 Cal.App.2d 418, 423 [123 P.2d 114]; see also *Canadian Bank of Commerce* v. *Leale* (1910) 14 Cal.App. 307, 308-309 [111 P. 759] [failure to sign complaint is irregularity not affecting jurisdiction and may be cured by amendment].) ▮ Amendment of a pleading may even be allowed at the time of trial, absent a showing of prejudice to the adverse party. (*Jenssen* v. *R. K. O. Studios, Inc., supra,* 20 Cal.App.2d at p. 707.)

▮ UFW relies on a closely analogous case, *Litzmann* v. *Workmen's Comp. App. Bd.* (1968) 266 Cal.App.2d 203 [71 Cal.Rptr. 731], involving a petition for review of a Workers' Compensation Appeals Board decision. In *Litzmann,* the petition for review was presented to the clerk on the last day for timely filing. The clerk refused to file it because it was not prepared

---

[3]*Benjamin Franklin B. & I. Corp.* v. *Schmidt* (1933) 132 Cal.App. 39 [22 P.2d 26] and *Krueger* v. *Superior Court* (1979) 89 Cal.App.3d 934 [152 Cal.Rptr. 870], cited by Admiral, do not hold to the contrary. There was no attempt in those cases to cure the defective verification.

in proper form and on the proper size paper. The defects were corrected, and the petition was resubmitted and filed the next day—one day over the thirty-day time limit, which like the present one, is jurisdictional. The *Litzmann* court held that since the petition was deposited with the court in a timely fashion, albeit defectively, the court could order that it be deemed to have been timely filed: ■ "There is a strong public policy in favor of hearing cases on their merits and against depriving a party of his right of appeal because of technical noncompliance in matters of form." (*Id.* at p. 205.) The court also noted that rule 57 of the California Rules of Court, pertaining to petitions for review of industrial accident cases, contained no directions as to the form of the petition or the size of the paper. But even if it were clear that the petition should comply with the form of briefs on appeal, the court stated that "the failure to so conform does not justify refusal to file on the last day for filing, any more than the failure to so conform on appeal would justify a dismissal." (*Ibid.*)

■ UFW finds further support for its position in *Mercer-Fraser Co.* v. *Industrial Acc. Com.* (1953) 40 Cal.2d 102, 127-129 [251 P.2d 955], where we held that the employer's failure to have served the individual claimant prior to the filing of the petition for writ of review or within the 30-day time period for seeking review did not preclude consideration of the petition. Such service was not required by rule 57, California Rules of Court, as it read at the time the petition was filed, and no time limit was set forth in the statute that required such service—Labor Code section 5954. We further noted, however, that the requirements as to service seemed to be more directory than mandatory, so that a court could act on a petition without any service if it decided to do so. (*Id.* at p. 129.)

Admiral and ALRB, on the other hand, urge strict construction of rule 59 and Labor Code section 1160.8. Neither party, however, claims to have suffered any prejudice from the delay here, and none of the cases on which they rely involved the type of situation present here.

In *Hollister Convalescent Hosp., Inc.* v. *Rico* (1975) 15 Cal.3d 660 [125 Cal.Rptr. 757, 542 P.2d 1349], on which Admiral primarily relies, we dismissed an appeal because the notice of appeal was filed one day late. We noted that rule 45 of the California Rules of Court authorizes reviewing courts to grant relief from default for failure to comply with any of the rules "except the failure to give timely notice of appeal." The appellants nevertheless sought to have their default excused on an estoppel theory based on having been misinformed by the court clerk as to the date of entry of the order. In a five-to-two decision we concluded that there was no authority for extending the jurisdictional time limit based upon estoppel principles.

Although we required strict compliance in *Hollister*, we noted that there were certain exceptions, not applicable to that case, which still provided some leeway: "What we have said in no way conflicts with the well-established policy, based upon the remedial character of the right of appeal, of according that right in doubtful cases 'when such can be accomplished without doing violence to applicable rules.' (*Slawinski* v. *Mocettini* [1965] 63 Cal.2d 70, 72 [45 Cal.Rptr. 15, 403 P.2d 143].) As we have indicated, there are many cases in which this policy, implemented *in accordance* with 'applicable rules,' will lead to a determination, based on construction and interpretation, that timely and proper notice of appeal must be deemed in law to have been filed within the jurisdictional period." (*Hollister Convalescent Hosp., Inc.* v. *Rico, supra,* 15 Cal.3d at p. 674.)

Other cases on which Admiral and ALRB rely involved situations in which the courts refused to extend the 30-day filing deadline. As appears, however, they are all distinguishable from the present situation where the petition was timely presented but defective in form. In *Mario Saikhon, Inc.* v. *Agricultural Labor Relations Bd.* (1983) 140 Cal.App.3d 581 [189 Cal.Rptr. 632], the Court of Appeal held that the five-day extension for service by mail (Code Civ. Proc., § 1013, subd. (a)) was inapplicable to the 30-day rule of Labor Code section 1160.8. Other cases considered the effect of filing a motion for reconsideration on the 30-day time limit. They held that the date of the final order of the board, not the date of action on the motion for reconsideration, marks the beginning of the 30-day time limit. (*Jackson & Perkins Co.* v. *Agricultural Labor Relations Bd.* (1978) 77 Cal.App.3d 830 [144 Cal.Rptr. 166]; *United Farm Workers* v. *Agricultural Labor Relations Board* (1977) 74 Cal.App.3d 347 [141 Cal.Rptr. 437]; *Nish Noroian Farms* v. *Agricultural Labor Relations Bd.* (1984) 35 Cal.3d 726, 742, fn. 7 [201 Cal.Rptr. 1, 677 P.2d 1170].) In none of those cases, however, was a petition timely submitted; all involved attempts to extend the deadline.

Admiral and ALRB also cite rule 46 of the California Rules of Court in support of their position. Rule 46 states: "No record, brief, or other paper or document which fails to conform to the requirements of these rules shall be filed by the clerk of the reviewing court." Rule 46, however, must be considered in conjunction with rule 18: "When a brief fails to comply with the requirements of these rules the reviewing court, on application of any party or on its own motion, and with or without notice as it may determine, may: (1) order the brief to be returned to counsel for correction by interlineation, cancellation, revision or replacement in whole or in part, and to be redeposited with the clerk within a time specified in the order; (2) order the brief stricken from the files, with leave to file a new brief within a

specified time; or (3) disregard defects and consider the brief as if it were properly prepared."

B. E. Witkin, who drafted the Rules on Appeal for the Judicial Council, explained the operation of rules 46 and 18 as follows:

"Rule 18 states the established practice with respect to a defective brief: the court may order correction or strike it from the files with leave to file a new brief. Formerly the power of dismissal existed, but this was expressly prohibited by amendment of the rule in 1937. This should not tie the hands of the court where the appellant files an obviously perfunctory or skeleton brief merely for purposes of delay, for the court may treat the appeal as frivolous and impose penalties.

"Rule 46, providing that the clerk shall not file papers, including briefs, which fail to conform to the requirements of the rules, is superficially in conflict with Rule 18, since it seems to authorize the clerk to determine whether the brief is defective. As a practical matter, however, the clerk should confine his scrutiny to matters of time, format and number of copies, leaving to the court the determination whether the brief is defective in content."[4] (Witkin, *New California Rules on Appeal* (1944) 17 So.Cal.L.Rev. 79, 143.)

ALRB and Admiral argue that the deputy clerk properly refused to file UFW's defective brief under rule 46. It is indeed arguable that the omission of a required verification is a technical defect which is properly within the clerk's scrutiny. Nevertheless, it cannot be the rule that the timeliness of a petition depends on whether the clerk catches such technical defects. Accordingly, we conclude that "filing" for purposes of compliance with the time limits of Labor Code section 1160.8 means what it does in all other contexts: actual delivery of the petition to the clerk at his place of business during office hours. (See *People* v. *Slobodion* (1947) 30 Cal.2d 362, 367 [181 P.2d 868]; *Hallett* v. *Slaughter* (1943) 22 Cal.2d 552 [140 P.2d 3].) Thus, it is the filer's actions that are scrutinized in determining whether a petition was timely filed. Rejection of the petition by the clerk under rule 46 for a technical defect cannot undo a "filing" that has already occurred. This is not to say, however, the reviewing court could not later order dismissal if a party has not undertaken timely correction of defects noted. We hold only that a defective petition may not be dismissed for untimeliness under Labor Code section 1160.8 when it is delivered to the appropriate clerk's office during office hours within the time limits set therein.

---

[4]Neither rule 18 nor rule 46 has been amended since its adoption.

The motions to dismiss UFW's petition for writ of review are denied. The cause is remanded to the Court of Appeal, First Appellate District, Division Four, with directions to determine the petition.

Broussard, Acting C. J., Mosk, J., Reynoso, J., Grodin, J., Lucas, J., and McCullum, J.,* concurred.

---

*Assigned by the Acting Chairperson of the Judicial Council.