Jessie ZEPEDA, Petitioner,

v.

**James WALKER, Warden, Respondent.**

**Case No. CV 07–4881 DSF (MLG).**

United States District Court,
C.D. California.

June 25, 2008.

---

Lorilee M. Gates, United Defense Group, Studio City, CA, for Petitioner.

Michael Robert Johnsen, CAAG–Office of Attorney General of California, Los Angeles, CA, for Respondent.

ORDER DISMISSING JESSIE ZEPEDA'S PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ADOPT THE REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

DALE S. FISCHER, District Judge.

The Report and Recommendation of United States Magistrate Judge Marc Goldman ("Report") was filed December 20, 2007, recommending denial of Respondent's request for dismissal. Respondent seeks dismissal on the ground that Petitioner's habeas corpus petition is time-barred. While the issue is not free from doubt, this Court concludes that Respondent has the better argument. Therefore, the Court declines to adopt the Report and dismisses the instant petition.

## I. Background

Petitioner was convicted in July 2004 of eight counts of attempted premeditated murder, and was sentenced to eight consecutive terms of 40 years to life in prison on October 22, 2004. (Report 1.)[1] The California Court of Appeal affirmed the judgment on September 20, 2005, 2005 WL 2278027, and the California Supreme Court denied review on November 30, 2005. (*Id.* at 2.)

On February 13, 2007, the California Supreme Court received a petition for writ of habeas corpus from Petitioner's attorney. (*Id.*) The petition was marked "Received" by the Clerk of the Court ("Clerk") on that date, but was not marked "Filed," apparently because the petition was not accompanied by a verification. (*Id.*) The Clerk contacted Petitioner's counsel and asked that a verification be submitted. (*Id.*) The verification was executed on February 15, 2007, mailed to the California Supreme Court, and marked "Received" by the Clerk on February 20, 2007. (*Id.*) The petition was marked "Filed" on February 21, 2007. (*Id.*) The petition was never returned or dismissed, but it was denied by the California Supreme Court on July 18, 2007.

Petitioner filed the present petition for writ of habeas corpus ("Petition") in the

---

1. There does not appear to be any dispute about the facts contained in the Report.

Central District of California on July 30, 2007. Because it was filed after April 24, 1996, it is reviewed under the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Lindh v. Murphy*, 521 U.S. 320, 326–27, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). AEDPA imposes a one-year statute of limitations on habeas petitions, running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[2] Petitioner's judgment became final on February 28, 2006, ninety days after the California Supreme Court denied review. *See Bowen v. Roe*, 188 F.3d 1157, 1158–59 (9th Cir.1999). Without tolling, Petitioner's claim would be untimely if filed after February 28, 2007.

28 U.S.C. § 2244(d)(2) states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." It is uncontested that the limitations period was not tolled from the date Petitioner's judgment became final to the date that Petitioner's petition for writ of habeas corpus was "properly filed" in the California Supreme Court, or from the date that the California Supreme Court denied Petitioner's habeas petition to the date of the filing of the Petition in federal court. (Report 4.)

■ However, the parties dispute when the petition submitted to the California Supreme Court was "properly filed." Petitioner contends that it was properly filed when it was submitted to the court. Re-spondent contends it was not properly filed until the verification was submitted. If Respondent is correct, the present Petition was untimely by five days. (Report 4.)

## II. Discussion

■ The Supreme Court explained the meaning of "properly filed" in *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000):

> An application is "filed," as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record. And an application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.

(citations omitted). While such "conditions to filing" must be met in order for a petition to be properly filed, "conditions to obtaining relief," such as procedural bars to asserting certain claims, need not be.[3] *Id.* at 11, 121 S.Ct. 361.

California Penal Code Section 1474 provides:

> Application for the writ [of habeas corpus] is made by petition, signed either by the party for whose relief it is intended, or by some person in his behalf, and must specify:
>
> 1. That the person in whose behalf the writ is applied for is imprisoned or restrained of his liberty, the officer or person by whom he is so confined or

---

**2.** 28 U.S.C. § 2244 lists three other dates that could trigger the limitations period, but Petitioner does not claim that they apply here. (Report 3.)

**3.** For example, in *Artuz,* a petition was properly filed even though it contained claims arguably barred because they had been, or could have been, previously asserted on appeal. 531 U.S. at 10–11, 121 S.Ct. 361.

restrained, and the place where, naming all the parties, if they are known, or describing them, if they are not known;

2. If the imprisonment is alleged to be illegal, the petition must also state in what the alleged illegality consists;

3. *The petition must be verified by the oath or affirmation of the party making the application.*

(emphasis added).

Interpreting a similar statute in *Pace v. DiGuglielmo*, 544 U.S. 408, 415, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005), the Court seemed to assume that verification requirements are "conditions to filing" whose violation prevent a petition from being "properly filed":

> Pennsylvania Rule of Criminal Procedure 901 (2005), which is entitled "Initiation of Post–Conviction Collateral Proceedings," lists two mandatory conditions: (A) the petition "shall" be filed within the time limit, and (B) the proceedings "shall be initiated by filing" a verified petition and "3 copies with the clerk of the court in which the defendant was convicted and sentenced." The natural reading is that (A) is every bit as much of a "condition to filing" as (B).

This assumption seems well-founded, as a verification requirement relates to the "form of the document." *See Artuz*, 531 U.S. at 8, 121 S.Ct. 361. Thus, it would appear that Petitioner's petition was not properly filed with the California Supreme Court until Petitioner submitted the verification.

Magistrate Judge Goldman does not address the *Artuz* standard for proper filing. Instead, he contends that (1) verification is not required under the California Rules of Court; and (2) even if verification is required, California and federal law treat defective pleadings as filed from the date

they were submitted to the court, not the date on which any defects were cured.

Judge Goldman seems to conclude that the absence of a verification requirement in the California Rules of Court means that there is no verification requirement. But California Penal Code Section 1474 clearly sets out the requirements for filing a habeas corpus petition, stating that "[a]pplication for the writ is made by [a] petition" that meets certain requirements, including verification. Also, the Supreme Court has made clear that "conditions to obtaining relief" relate to the ability to prevail on *claims*, not the proper form for filing a *petition* as a whole. *Artuz*, 531 U.S. at 8, 9–10, 121 S.Ct. 361. The verification requirement pertains to the format of a petition, not the ability to succeed on any claim contained within the petition.

Judge Goldman also relies on *United Farm Workers of America v. Agricultural Labor Relations Board*, 37 Cal.3d 912, 210 Cal.Rptr. 453, 694 P.2d 138 (1985), in which the California Supreme Court held that—for purposes of the statute of limitations—an unverified petition for review of an Agricultural Labor Relations Board order should be deemed filed on the date it was submitted, rather than the date on which the defect in filing was cured. But *United Farm Workers* held that "a *defective petition* may not be dismissed for untimeliness … when it is delivered to the appropriate clerk's office during office hours within the time limits set therein," 37 Cal.3d at 918, 210 Cal.Rptr. 453, 694 P.2d 138 (emphasis added), thus acknowledging that any such submission, although timely, is nonetheless defective. Indeed, it stated that the submission could be dismissed if the defect was not later cured. *Id.* A defective petition subject to dismissal cannot be considered in "compliance with the applicable laws and rules governing

filings," and thus is not "properly filed." *See Artuz,* 531 U.S. at 8, 121 S.Ct. 361.

The federal cases relied on in the Report are no more persuasive, as they address when a pleading is deemed filed as opposed to when it is "properly filed" under 28 U.S.C. § 2244(d)(2). As the cases state, a pleading may be deemed filed even if the pleading is not in compliance with filing rules. *See, e.g. Ordonez v. Johnson,* 254 F.3d 814, 816 (9th Cir.2001) ("We have previously held that a complaint is filed when it is placed in the actual or constructive custody of the clerk [of the court], despite any subsequent rejection by [the clerk] of the pleading for non-compliance with a provision of the local rules." (internal quotation omitted; alterations in original)); Fed.R.Civ.P. 5(d)(4) ("The clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice.") But the Supreme Court has held that such a non-complying petition cannot be considered "properly filed" for purposes of tolling the statute of limitations. *See Artuz,* 531 U.S. at 8, 121 S.Ct. 361.

That the Clerk of the California Supreme Court did not reject Petitioner's Petition for lack of verification is at best ambiguous evidence regarding whether verification is a condition of filing, as the Clerk called counsel to point out the lack of verification and did not stamp the petition "Filed" until after a verification was received. The Clerk's conduct certainly is not sufficient to overcome the clear language of California Penal Code Section 1474.

### III. Conclusion

The Petition is untimely and is dismissed with prejudice.

IT IS SO ORDERED.

### JUDGMENT

Pursuant to the Order Dismissing Jessie Zepeda's Petition for Writ of Habeas Corpus and Declining to Adopt the Report and Recommendation of United States Magistrate Judge,

**IT IS ADJUDGED** that the Petition is dismissed with prejudice.