**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JESSIE ZEPEDA,
              *Petitioner-Appellant,*

v.

JAMES WALKER, Warden, California
State Prison-Sacramento,
              *Respondent-Appellee.*

No. 08-56085

D.C. No.
2:07-cv-04881-DSF-
MLG

OPINION

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted September 1, 2009*
Pasadena, California

Filed September 10, 2009

Before: Ferdinand F. Fernandez, Ronald M. Gould, and
Richard C. Tallman, Circuit Judges.

Opinion by Judge Tallman

---

*The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

## COUNSEL

Lorilee M. Gates, Pasadena, California, for the petitioner-appellant.

Edmund G. Brown Jr., Attorney General of the State of California, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Senior Assistant Attorney General, Kenneth C. Byrne, Supervising Deputy Attorney General, and Michael R. Johnsen, Deputy Attorney General, Los Angeles, California, for the respondent-appellee.

## OPINION

TALLMAN, Circuit Judge:

Jessie Zepeda appeals the district court's dismissal of his petition for a federal writ of habeas corpus as untimely under

the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). He argues that AEDPA's one-year limitation period should be tolled for the entire time that his state habeas petition was in the state court's possession, even though it initially lacked the verification required by California law for proper filing. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**I**

In July 2004, Zepeda was convicted by a California jury of eight counts of attempted murder in violation of sections 664 and 187 of the California Penal Code. The jury found that Zepeda acted with premeditation, that he had personally and intentionally discharged a firearm causing great bodily injury within the meaning of section 12022.53 of the California Penal Code, and that the attempted murders were committed for the benefit of a criminal street gang within the meaning of section 186.22. The trial court sentenced Zepeda to eight consecutive terms of 40 years to life in prison, and further imposed a one-year enhancement pursuant to section 667.5 based on the jury's finding that Zepeda had previously been incarcerated for a felony. The California Court of Appeal affirmed Zepeda's conviction on September 20, 2005, and the California Supreme Court denied direct appellate review on November 30, 2005.

On February 7, 2007, Zepeda's attorney, Lorilee M. Gates, signed but did not verify a petition seeking a state writ of habeas corpus. The California Supreme Court stamped this petition "received" on February 13, but requested that counsel supply a verification. Gates executed the requested verification on February 15, and this document was in turn stamped "received" on February 20. The petition itself was then stamped "filed" on February 21. The California Supreme Court denied Zepeda's habeas petition, without explanation, on July 18, 2007.

Zepeda filed a petition for a federal writ of habeas corpus in the District Court for the Central District of California on July 30, 2007. The district court, rejecting the magistrate judge's recommendation, dismissed the petition as time-barred under AEDPA. *Zepeda v. Walker*, 564 F. Supp. 2d 1179, 1180 (C.D. Cal. 2008). Zepeda timely appealed.

**II**

We review de novo a district court's dismissal of a federal habeas petition as untimely. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). We review the district court's findings of fact for clear error. *Id.* Because Zepeda filed his federal habeas petition after April 24, 1996, AEDPA applies. *See Furman v. Wood*, 190 F.3d 1002, 1004 (9th Cir. 1999).

**[1]** AEDPA requires that a state prisoner seek federal habeas corpus relief within one year after "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The period of direct review after which a conviction becomes final includes the 90 days during which the state prisoner can seek a writ of certiorari from the United States Supreme Court. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). The California Supreme Court denied review on November 30, 2005, and Zepeda's conviction became final 90 days later on February 28, 2006. Therefore, the one-year AEDPA deadline for Zepeda to file a petition for a federal writ of habeas corpus was February 28, 2007. Zepeda filed his federal petition an additional 152 days later, on July 30, 2007.

**[2]** However, the AEDPA limitation period is tolled for "[t]he time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2) (emphasis added). Zepeda seeks to toll the AEDPA statute of limitation based on his application for post-

conviction relief in the California Supreme Court. Whether this tolling is sufficient to render timely Zepeda's federal petition depends on when his state habeas petition is deemed "properly filed" under § 2244(d)(2). If his state petition was "properly filed" on February 13, 2007, when first marked "received" by the court clerk, then Zepeda is entitled to 155 days of tolling, and his federal petition was timely by three days. However, if Zepeda's state petition was not "properly filed" before the court clerk received counsel's verification on February 20, 2007, then Zepeda is entitled at most to 148 days of tolling, and his federal petition was untimely by at least four days.

**[3]** Zepeda argues that his state habeas petition must be deemed filed with the California Supreme Court on February 13, 2007. However, in *Artuz v. Bennett*, the Supreme Court explained that when an application is "properly filed" for purposes of § 2244(d)(2) differs from when it is "filed":

> An application is "filed," as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record. And an application is "*properly filed*" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.

531 U.S. 4, 8 (2000) (citations omitted). That a state court clerk stamped Zepeda's petition "received" on February 13, 2007, is therefore irrelevant to the § 2244(d)(2) tolling analysis. For the same reason, also irrelevant is that California Rule of Court 8.384(d) requires that the court clerk "file" a defective petition.[1] The only question with which we are concerned

---

[1] The clerk may, however, strike a defective petition if it "is not brought into compliance within a stated reasonable time of not less than five days." Cal. R. Ct. 8.384(d).

is when Zepeda's state habeas petition was "properly filed," i.e., when that petition complied with all filing conditions imposed by California law.

**[4]** Section 1474 of the California Penal Code requires that a petition for habeas relief "be verified by the oath or affirmation of the party making the application." *See also* Cal. Penal Code § 1475 ("Every application for a writ of habeas corpus must be verified . . . ."); *People v. Romero*, 883 P.2d 388, 391 (Cal. 1995) ("A habeas corpus proceeding begins with the filing of a *verified* petition for a writ of habeas corpus." (emphasis added)). A verification is thus a condition to filing under California law. *See Pace v. DiGuglielmo*, 544 U.S. 408, 415 (2005) (noting in passing that Pennsylvania requires verification as a "condition to filing"); *Chavis v. LeMarque*, 382 F.3d 921, 927 (9th Cir. 2004) (concluding that the AEDPA statute of limitation was not tolled where the California Superior Court deemed the petition "not filed" because submitted on an incorrect form), *rev'd on other grounds sub nom. Evans v. Chavis*, 546 U.S. 189 (2006). Because counsel did not submit a verification until February 20, 2007,[2] Zepeda's petition was not properly filed with the California Supreme Court before that date.

Notwithstanding Zepeda's argument to the contrary, *Ex parte Shackleford*, 204 P. 822 (Cal. 1922) (per curiam), only bolsters this conclusion. The California Supreme Court indeed noted therein that Shackleford's petition was unverified in contravention of the California Penal Code. *Id.* at 823. But because Shackleford asserted that medical authorities at the hospital in which he was confined refused to allow him to

---

[2]Section 1474 of the California Penal Code also provides that a petition may be "signed either by the party for whose relief it is intended, or by some person in his behalf." The California Supreme Court has on this basis explained that "[b]ecause counsel may apply for habeas corpus relief on behalf of his or her client, it follows that when appointed counsel does so, verification by counsel satisfies the statute." *In re Robbins*, 959 P.2d 311, 319 n.5 (Cal. 1998).

verify his petition, the court "deemed it best to issue the writ with the direction that the court to which he is taken for a hearing thereof shall, *before proceeding therein*, allow the petitioner to make oath to his petition before some authorized officer." *Id.* (emphasis added). Therefore, rather than standing for the proposition that verification is not a condition to filing, *Shackleford* emphasizes that the verification requirement is so important under California law that where a petitioner is denied the opportunity to provide a verification upon filing, he must provide one prior to any judicial proceeding.

In further support of his position that verification is not required for the filing of a habeas petition with the California Supreme Court, Zepeda raises a number of arguments based on the content and structure of the California Rules of Court. He asserts that Rule 8.384 does not require the submission of a verification where the petition is filed by an attorney. He also claims that section 1474 of the California Penal Code is applicable only to petitions filed with the Superior Court because it is only referenced by the criminal, and not the appellate, rules.

The California Rules of Court are promulgated by the Judicial Council of California. Cal. R. Ct. 1.3. "Rules promulgated by the Judicial Council may not conflict with governing statutes." *Hess v. Ford Motor Co.*, 41 P.3d 46, 57 (Cal. 2002). Thus, "[i]f a rule is inconsistent with a statute, the statute controls." *Id.* The text of section 1474 of the California Penal Code in no way limits the verification requirement to habeas petitions filed directly by the petitioner (as opposed to petitioner's counsel), nor to petitions filed in California Superior Court (as opposed to the California appellate courts). As Zepeda's interpretation of the California Rules of Court conflicts with the statute governing habeas petitions, we must reject it.

Zepeda next argues that because habeas corpus is a civil action, it should not be governed by the California Penal

Code. However, "[t]he location and labels of a statutory provision do not by themselves transform a civil remedy into a criminal one." *Hatton v. Bonner*, 356 F.3d 955, 963 (9th Cir. 2004) (quoting *Smith v. Doe*, 538 U.S. 84, 94 (2003)) (alteration in original). Moreover, placement of the statutory provisions governing habeas petitions in the criminal code can hardly be criticized given that the individuals who will be filing such petitions are themselves convicted criminals.

Finally, Zepeda argues that a condition to filing must be firmly established and regularly followed before noncompliance will render a petition improperly filed for AEDPA tolling.[3] We disagree, as the Supreme Court has now twice found state habeas petitions improperly filed under AEDPA even though the relevant condition to filing was either new or unevenly applied. First, in *Pace v. DiGuglielmo*, 544 U.S. at 410, the Supreme Court refused to toll the AEDPA statute of limitation even though Pennsylvania courts had rejected the state petition as untimely based on a recently amended statute whose application to the petitioner's situation was far from clear. *See Pace v. Vaughn*, 151 F. Supp. 2d 586, 588-89 (E.D. Pa. 2001), *rev'd*, 71 F. App'x 127 (3d Cir. 2003) (unpublished), *aff'd sub nom. Pace v. DiGuglielmo*, 544 U.S. 408. And in *Allen v. Siebert*, 552 U.S. 3, 128 S. Ct. 2, 4-5 (2007) (per curiam), the Supreme Court similarly refused to toll the AEDPA statute of limitation even though Alabama courts at times reached the merits of untimely state petitions. *See Siebert v. Campbell*, 334 F.3d 1018, 1030 (11th Cir. 2003).

**[5]** Contrary to Zepeda's assertion, therefore, Supreme Court precedent indicates that whether a condition to filing is

---

[3]The California Attorney General argues that Zepeda forfeited this argument by failing to raise it before the district court. This assertion is factually incorrect. *See* Supplemental Brief of Petitioner at 3, *Zepeda*, 564 F. Supp. 2d 1179 (No. CV 07-4881). Zepeda, in turn, relies on Eleventh Circuit authority that is irrelevant because it concerns not statutory tolling under AEDPA but rather the nature of procedural bars in federal habeas proceedings. *See Hurth v. Mitchem*, 400 F.3d 857, 858 (11th Cir. 2005).

firmly established and regularly followed is irrelevant. *Accord Walker v. Norris*, 436 F.3d 1026, 1031 (8th Cir. 2006). Instead, where a state court rejects a petition for failure to comply with conditions of filing, that is "the end of the matter." *See Carey v. Saffold*, 536 U.S. 214, 226 (2002) (observing that "[i]f the California Supreme Court had clearly ruled that Saffold's 4 1/2-month delay was 'unreasonable,' that would be the end of the matter" for tolling purposes); *see also Pace*, 544 U.S. at 417 ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."). Because a clerk of the California Supreme Court required that Zepeda's counsel submit a verification, we need look no further.

Nor is it unfair to find Zepeda's petition time-barred in the absence of evidence that the California Supreme Court regularly rejects petitions lacking a verification. Zepeda bears the burden of demonstrating that the AEDPA limitation period was sufficiently tolled.[4] *See Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002). Apart from the self-serving affidavit of his counsel, Zepeda has submitted no evidence that California's verification requirement is not firmly established or regularly followed.

### III

**[6]** Because Zepeda's state habeas petition was not "properly filed" until a verification was submitted in accordance with California law, we **AFFIRM** the district court's dismissal of his federal habeas petition as untimely under AEDPA's one-year limitation period.

---

[4]Zepeda makes no allegation that he was denied adequate notice of and an opportunity to respond to the California Attorney General's assertion of untimeliness. *See Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).