**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 17 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TOBY LYNN BISHOP, | No. 09-15627 |
| Petitioner - Appellant, | D.C. No. CV 05-00908-RLH-GWF |
| v. | |
| SHERYL FOSTER, | MEMORANDUM [*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, Chief District Judge, Presiding

Argued and Submitted March 8, 2010
San Francisco, California

Before: WALLACE, GRABER, and McKEOWN, Circuit Judges.

Petitioner Toby Lynn Bishop appeals from the district court's dismissal of

his habeas petition as untimely. For the reasons that follow, we affirm.

1. Reviewing de novo, Zepeda v. Walker, 581 F.3d 1013, 1016 (9th Cir.

2009), we hold that Petitioner is not entitled to statutory tolling under 28 U.S.C.

§ 2244(d)(2). "Because the state court rejected petitioner's [state post-conviction]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)." <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 417 (2005); <u>see also</u> <u>Townsend v. Knowles</u>, 562 F.3d 1200, 1205 (9th Cir.) (same), <u>cert. denied</u>, 130 S. Ct. 193 (2009). Petitioner argues that he is not subject to that rule because the Nevada Supreme Court applied a new rule. But "whether a condition to filing is firmly established and regularly followed is irrelevant. Instead, where a state court rejects a petition for failure to comply with conditions of filing, that is the end of the matter." <u>Zepeda</u>, 581 F.3d at 1018 (citation and internal quotation marks omitted).

2. The district court did not abuse its discretion in denying Petitioner's motion to amend or alter the judgment under Federal Rule of Civil Procedure 59(e). <u>See</u> <u>Dixon v. Wallowa County</u>, 336 F.3d 1013, 1022 (9th Cir. 2003) ("We review a district court's decision on a Rule 59(e) motion to amend a judgment for abuse of discretion."). Petitioner did not raise the issue of equitable tolling, on any ground, until after judgment in the Rule 59(e) motion. Additionally, before the Nevada Supreme Court, Petitioner did not argue that he had relied on an allegedly superseded prison-mailbox rule.

3. During oral argument, Petitioner's lawyer urged that Petitioner is entitled to relief as a matter of "equal protection." To the extent that this assertion

2

constituted a separate argument, we do not address arguments raised for the first time during oral argument. Butler v. Curry, 528 F.3d 624, 642 (9th Cir.), cert. denied, 129 S. Ct. 767 (2008).

**AFFIRMED**.