FILED

**NOT FOR PUBLICATION**

JAN 20 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KARINE STEPANIAN; GRIGOR KUPELIAN; GAYANE KUPELIAN; ASDGHIK KUPELIAN, | No. 11-70898 |
| Petitioners, | Agency Nos. A078-649-864<br>A078-649-865<br>A078-649-866<br>A078-649-867 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 12, 2014
Pasadena, California

Before: PREGERSON, WARDLAW, and BERZON, Circuit Judges.

Karine Stepanian ("Stepanian"), her husband Grigor Kupelian ("Kupelian"),

and their daughters, Gayane Kupelian ("Gayane") and Asdghik Kupelian

("Asdghik") (collectively, "petitioners"), petition for review of a final order of the

Board of Immigration Appeals' ("BIA" or "Board") denying their applications for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We grant the petition and remand to the BIA, on an open record, for a new credibility finding. *See Soto-Olarte v. Holder*, 555 F.3d 1089, 1096 (9th Cir. 2009).

**1.** We review the BIA's "factual findings, including adverse credibility determinations, for substantial evidence." *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014). "Adverse credibility findings must be supported by specific, cogent reasons, and the reasons set forth must be substantial and must bear a legitimate nexus to the finding." *Akinmade v. INS*, 196 F.3d 951, 954 (9th Cir. 1999) (citations, internal quotation marks, and alterations omitted). Because petitioners filed their claim in 2000, the pre-REAL ID Act standard for adverse credibility determinations controls. *See Kaur v. Gonzales*, 418 F.3d 1061, 1064 n. 1 (9th Cir. 2005). Under that standard, if the BIA cites inconsistencies in the petitioner's claim in support of its adverse credibility finding, those inconsistencies "must go to the heart of the asylum claim to support an adverse credibility finding." *Kin v. Holder*, 595 F.3d 1050, 1055 (9th Cir. 2010).

"'In reviewing [a] decision of the BIA, we consider only the grounds relied upon by that agency.'" *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) (quoting *Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) (per

2

curiam)). When the BIA attributes "significant weight to the [IJ's] findings, we 'look to the IJ's oral decision as a guide to what lay behind the BIA's conclusion.'" *Gu v. Gonzales*, 454 F.3d 1014, 1019 (9th Cir. 2006) (quoting *Avetova-Elisseva v. INS*, 213 F.3d 1192, 1197 (9th Cir. 2000)).

**2.** The agency's denial of petitioners' asylum claims was wholly premised on its adverse credibility finding, which, in turn, was entirely premised on three inconsistencies in Stepanian's testimony as to her two prior entries in 1996 and 1998 and her manner of entry in 2000. None of the inconsistencies relied upon by the IJ or the BIA arose from Stepanian's detailed and well-corroborated account of experiences in Armenia. We therefore examine only whether the inconsistencies regarding Stepanian's entries go to the heart of her asylum claim.[1]

The IJ concluded that Stepanian "concealed dates of entry and manners of entry in order to show that the problems that [petitioners] faced in either Lebanon or Armenia were considerably greater than they were," and that the prior entries indicated "she really did not have a fear of returning either to Lebanon or Armenia." The BIA agreed that Stepanian had not established past persecution because she was not credible due to the discrepancies regarding the entries.

---

[1]The BIA did not adopt the IJ's finding that Stepanian had presented falsified documents, and so did not rely on any such falsification in upholding the IJ's adverse credibility determination.

The discrepancies the IJ and BIA cited regarding Stepanian's prior entries do not "concern[] events central to petitioner's version of why [s]he was persecuted and fled," *Singh v. Gonzalez*, 439 F.3d 1100, 1108 (9th Cir. 2006), or a major event in petitioners' narrative of past persecution, *see Alvarez-Santos*, 332 F.3d at 1254. The actual incidents of past persecution in Armenia were corroborated with testimony from neighbors and uncontroverted medical evidence. And the prior entries do not, standing alone, indicate that Stepanian "really did not have a fear of returning," and thereby indicate that all her testimony regarding persecution in Armenia was not true. She could well have feared future persecution even though she voluntarily returned, on the basis of past persecution that both pre- and post-dated her prior visits to the United States. While some of the incidents of past persecution that Stepanian described happened before the prior entries in 1996 and 1998, Stepanian and her husband were also violently attacked and severely beaten on two separate occasions *after* the prior entries. Stepanian specifically testified that the persecution they experienced "g[o]t worse" after 1998, and that her husband's business was closed that year. Also, Stepanian's young daughter had been living in the United States since June of 1995, which explains why she visited in 1996 and 1998. Though an asylum petitioner's voluntary return to the country of persecution can support an adverse credibility finding under some

4

circumstances, *Loho v. Mukasey*, 531 F.3d 1016, 1018 (9th Cir. 2008), voluntary return is not alone sufficient to disprove an asylum claim, even where the past persecution entirely predates the voluntary return, so long as the voluntary return is sufficiently explained, *see Ding v. Ashcroft*, 387 F.3d 1131, 1133–34, 1139–40 (9th Cir. 2004). Similarly, while return trips can be considered as a factor that rebuts the presumption of well-founded fear after past persecution is established, return trips "standing alone" are not sufficient to do so. *Boer-Sedano v. Gonzales*, 418 F.3d 1082, 1091–92 (9th Cir. 2005).

Stepanian's testimony about how she crossed the border also did not directly contradict any of her testimony about her experience of persecution. *See de Leon-Barrios v. INS*, 116 F.3d 391, 393 (9th Cir. 1997) ("[M]inor inconsistencies and minor omissions relating to unimportant facts will not support an adverse credibility finding."). While the method of entry is relevant to determining removability, it is not a factor that must be established to show a well-founded fear of future persecution. *See Deloso v. Ashcroft*, 393 F.3d 858, 863–64 (9th Cir. 2005).

Finally, while there are significant inconsistencies between petitioners' assertions that they were living in Armenia and the visitor visas apparently obtained in Lebanon, which identified Stepanian as a resident or citizen of that

5

country, Stepanian was never asked to explain those inconsistencies, and the BIA and IJ did not rely on them in finding Stepanian not credible.

As the IJ recognized, Stepanian otherwise presented "consistent," extensive testimony detailing the past persecution that she and her family experienced as Pentecostals living in Armenia both before and after the entries in 1996 and 1998. Because the false statements or inconsistencies cited by the agency "must be viewed in light of all the evidence presented in the case," *Kaur v. Gonzales*, 418 F.3d 1061, 1066 (9th Cir. 2005), we hold the BIA's adverse credibility determination unreasonably relied upon discrepancies that, on the current record, do not go to the heart of the asylum claim. *Wang v. INS*, 352 F.3d 1250, 1254-55 (9th Cir. 2003). For that reason, "[a] reasonable adjudicator would be compelled to conclude that the factual findings underlying the . . . adverse credibility finding were not supported by substantial evidence." *Singh*, 439 F.3d at 1109 (quoting *Wang v. Ashcroft*, 341 F.3d 1015, 1022 (9th Cir. 2003)) (second alteration in original).

"We [therefore] remand on an open record to give the agency the opportunity to evaluate [Stepanian's] credibility while allowing [her] to explain as-yet-unexplained inconsistencies." *Soto-Olarte*, 555 F.3d at 1096.

**GRANTED and REMANDED on an open record.**