**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

NOV 21 2017

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHAKTI MAHAPITA RAI, | No.    15-71041 |
| Petitioner, | Agency No. A089-703-119 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2017**
San Francisco, California

Before:  CLIFTON and FRIEDLAND, Circuit Judges, and GLEASON,*** District Judge.

Shakti Rai, a native and citizen of Nepal, petitions for review of an order by

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Sharon L. Gleason, United States District Judge for the District of Alaska, sitting by designation.

the Board of Immigration Appeals ("BIA") adopting and affirming an immigration judge's ("IJ") denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1] We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

1. We review adverse credibility findings for substantial evidence and can grant review only if "any reasonable adjudicator would be compelled to conclude" that the petitioner was credible. *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014) (citing 8 U.S.C. § 1252 (b)(4)(B)). Substantial evidence supports the IJ's and the BIA's conclusion that Rai's testimony was not credible. In particular, the IJ questioned both "the extent of [Rai's] fear and . . . whether the incidents which he said caused the fear actually happened" because Rai returned to Nepal two times after these incidents allegedly took place. *See Loho v. Mukasey*, 531 F.3d 1016, 1018-19 (9th Cir. 2009) (holding that voluntary returns to one's home country can support an adverse credibility finding). Moreover, the IJ and BIA also considered the fact that Rai "fail[ed] to inquire about ways to remain in the United States on one of his prior stops in this country." Rai's explanations for why he returned do not compel a finding to the contrary. And there is no evidence to suggest that Rai was "coerced into returning." *Id.* at 1018. Therefore, his appeal

---

[1]Rai has petitioned only for review of his applications for asylum and withholding of removal. We therefore treat his CAT claim as waived.

2

to *Ding v. Ashcroft* is unpersuasive. *See* 387 F.3d 1131, 1139-40 (9th Cir. 2004) (reversing an adverse credibility finding in part because the IJ improperly relied on evidence that the alien returned to her home country while under the control of others who held her travel documents).

2.  "We review . . . [a] determination that a petitioner does not qualify for asylum or withholding of removal under the highly deferential 'substantial evidence' standard." *Zetino v. Holder*, 622 F.3d 1007, 1012 (9th Cir. 2010) (citing *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992)). To be eligible for asylum, an applicant must demonstrate that he is "unable or unwilling to return to . . . [his home] country because of persecution or a well-founded fear of persecution." 8 U.S.C. § 1101(a)(42)(A). Although Rai submitted documentary evidence in addition to his testimony, this evidence does not compel a reasonable fact finder to conclude that Rai has demonstrated that he is eligible for asylum. Indeed, this evidence does not explain why Rai's voluntary returns to Nepal do not undercut his asylum claim. *See Loho*, 531 F.3d at 1017-18 ("[A]n alien's history of willingly returning to his or her home country militates against a finding of past persecution or a well-founded fear of future persecution.").

3.  It follows that Rai also has not shown a "'clear probability' of [a] threat to [his] life or freedom if [he is] deported" that would entitle him to a withholding of removal. *Tamang v. Holder*, 598 F.3d 1083, 1091 (9th Cir. 2010) (quoting *INS*

3

*v. Stevic*, 467 U.S. 407, 429-30 (1984)); *see Cortez-Pineda v. Holder*, 610 F.3d 1118, 1125 (9th Cir. 2010) (stating that when an individual has not met "the lower standard of proof for asylum, he necessarily [has] not satisf[ied] the more stringent standard of proof for withholding of removal.").

**PETITION DENIED.**