**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MICHAEL PATTERSON,

          Petitioner-Appellant,

v.

WILLIAM HUTCHINGS; ATTORNEY
GENERAL FOR THE STATE OF
NEVADA,

          Respondents-Appellees.

No.   20-15635

D.C. No.
2:17-cv-02131-JCM-EJY

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted September 3, 2021
San Francisco, California

Before:  SCHROEDER, RAWLINSON, and BYBEE, Circuit Judges.

    Appellant Michael Patterson appeals from a ruling by the district court

dismissing his federal habeas petition as untimely.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

We have appellate jurisdiction pursuant to 28 U.S.C. §§ 1291 & 2253. We review de novo the district court's denial of a petition for writ of habeas corpus, *Clark v. Murphy*, 331 F.3d 1062, 1067 (9th Cir. 2003), including denial of the writ on statute of limitations grounds, *Noble v. Adams*, 676 F.3d 1180, 1181 (9th Cir. 2012). A district court's decision to raise *sua sponte* the issue of timeliness in a habeas case is reviewed for an abuse of discretion. *See Day v. McDonough*, 547 U.S. 198, 211 (2006).

Patterson makes two arguments. First, Patterson contends that the district court abused its discretion by raising *sua sponte* the issue of timeliness regarding his federal petition for habeas corpus after the State miscalculated the statute of limitations by a single day in its motion to dismiss. Second, he asserts that, irrespective of the first issue, his direct appeal counsel's motion for appointment of counsel for post-conviction habeas proceedings should have qualified as a "properly filed application for post-conviction or other collateral review" and tolled the statute of limitations under 28 U.S.C. § 2244. We affirm.

A district court has discretion to raise timeliness issues in habeas cases *sua sponte* as long as it (1) "accord[s] the parties fair notice and an opportunity to present their positions," (2) "assure[s] itself that the petitioner is not significantly prejudiced by the delayed focus on the limitation issue," and (3) "'determine[s]

2

whether the interests of justice would be better served' by addressing the merits or by dismissing the petition as time barred." *Day*, 547 U.S. at 210–11 (quoting *Granberry v. Greer*, 481 U.S. 129, 136 (1987)).  Here, the district court provided Patterson notice and an opportunity to respond, found that the State's error amounted to a simple miscalculation that did not prejudice Patterson, and identified the state and federal interests associated with hearing timely filed petitions.  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).  Accordingly, the district court did not abuse its discretion when it raised the issue of timeliness.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides for tolling of the federal statute of limitations from the moment at which a petitioner "properly" files an application for post-conviction or other collateral review until the state post-conviction judgment becomes final upon issuance of the remittitur.  28 U.S.C. § 2244(d); *see Jefferson v. Budge*, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005).  Determining whether an application is "properly filed" is a matter of state law.  *See Zepeda v. Walker*, 581 F.3d 1013, 1016 (9th Cir. 2009) (citing *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)).  As a general matter, the local laws and rules that determine proper filing often identify such specifics as "the form of the document."  *Artuz*, 531 U.S. at 8.  And, "motion[s] for appointment of counsel . . . generally are not direct requests for judicial review of a judgment and

3

do not provide a state court with authority to order relief from a judgment." *Wall v. Kholi*, 562 U.S. 545, 556 n.4 (2011).

Nevada does not provide habeas counsel as a matter of right and requesting counsel does not start the process of collateral review. Nev. Rev. Stat. § 34.750. Rather, any petition for the writ of habeas corpus "must be titled 'Petition for Writ of Habeas Corpus (Postconviction)' and be in substantially the form set forth in [statute]." Nev. Rev. Stat. § 34.730. Appellant's motion for appointment of counsel did neither. Appellant's motion simply does not qualify as a petition for the writ of habeas corpus under Nevada law, and nothing in the record or case law suggests that any Nevada judge would recognize it as such a petition, let alone a "properly filed" petition. The motion for appointment of counsel, therefore, did not toll the statute of limitations under AEDPA, and we affirm the district court's determination that Appellant's petition was untimely.

**AFFIRMED.**